UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED

2003 DEC -2 P 5:23

LEO FELIX CHARLES

v.                                  Case No.  3:02CV1341(GLG)

PRISONER

JACK MALEH, et al.[1]

## RULING ON DEFENDANTS' MOTION TO DISMISS

The plaintiff, Leo Felix Charles ("Charles"), filed this civil rights action pro se and in forma pauperis pursuant to 28 U.S.C. § 1915.  He asserts various claims relating to his confinement in the Cheshire Correctional Institution, including, inter alia, denial of medical and dental treatment, discrimination, conspiracy, denial of due process at a prison disciplinary hearing, denial of access to a telephone and retaliation.  The defendants move to dismiss on the ground that Charles failed to exhaust his administrative remedies with regard to all claims before filing suit.  For the reasons that follow, the defendants' motion is denied.

### Standard of Review

When considering a Rule 12(b) motion to dismiss, the court accepts as true all factual allegations in the complaint and

---

[1]The named defendants are Jack Maleh, Tung Mingzer, Victor Shivy, Michael Young, Maurice Cooper, Paulyn Husband, Maylor, Hector Rodriguez and John J. Armstrong.

draws inferences from these allegations in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996). Dismissal is warranted only if, under any set of facts that the plaintiff can prove consistent with the allegations, it is clear that no relief can be granted. See Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Cooper v. Parsky, 140 F.3d 433, 440 (2d Cir. 1998). "The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his or her claims." United States v. Yale New Haven Hosp., 727 F. Supp. 784, 786 (D. Conn. 1990) (citing Scheuer, 416 U.S. at 232). In its review of a motion to dismiss, the court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." Samuels v. Air Transport Local 504, 992 F.2d 12, 15 (2d Cir. 1993).

When considering a motion to dismiss for lack of jurisdiction, the court may resolve jurisdictional factual issues by referring to evidence outside of the pleadings, such as affidavits or documentary exhibits. See Zappia Middle East Constr. Co. Ltd. v. Emirate of Abu Dhabi, 215 F.3d 247, 253 (2d Cir. 2000) (subject matter jurisdiction); A.I. Trade Fin., Inc. v. Petra Bank, 989 F.2d 76, 79-80 (2d Cir. 1993) (personal jurisdiction). In reviewing this motion, the court is mindful

2

that the Second Circuit "ordinarily require[s] the district courts to give substantial leeway to pro se litigants." Gomes v. Avco Corp., 964 F.2d 1330, 1335 (2d Cir. 1992).

## Discussion

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a),[2] requires an inmate to exhaust "administrative remedies as are available" before bringing an "action . . . with respect to prison conditions." The defendants argue that the court lacks jurisdiction to entertain this case because Charles failed to exhaust his administrative remedies before filing suit.

The Second Circuit recently held the failure to exhaust administrative remedies does not implicate the court's subject matter jurisdiction. See Richardson v. Goord, 347 F.3d 431, 434 (2d Cir. 2003). Thus, the defendants' motion to dismiss is denied.

In addition, the Second Circuit has held that failure to exhaust administrative remedies is an affirmative defense. See Jenkins v. Haubert, 179 F.3d 19, 28-29 (2d Cir. 1999). Thus, the defendants bear the burden of proving that Charles failed to exhaust his administrative remedies with regard to each claim included in the complaint. One district court within this

---

[2]Section 1997e(a) provides: "No action shall be brought with respect to prison conditions under section 1983 of this title or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

3

circuit has stated that "[in] merely offering conclusory assertions that Plaintiffs have not exhausted their administrative remedies, Defendants have failed to meet their burden." Orafan v. Goord, 2003 WL 21972735 (N.D.N.Y. Aug. 11, 2003) (rejecting defendants' argument in their motion to dismiss that plaintiff had not exhausted his administrative remedies).

In response to the motion to dismiss, plaintiff has submitted various grievance and appeal forms. In their reply brief, the defendants ask the court to review the documents and conclude that plaintiff failed to exhaust his administrative remedies with regard to all claims in the complaint. Because the court's subject matter jurisdiction is not in question, the court's review on a motion to dismiss is confined to the complaint. Thus, the court does not consider the documents provided by plaintiff, or the arguments raised in defendants reply brief which attempt to transfer their burden of proof to plaintiff.

## Conclusion

The defendants' Motion to Dismiss [doc. #18] is DENIED.

SO ORDERED.

Entered this 25th day of November, 2003, in Waterbury, Connecticut.

Gerard L. Goettel
United States District Judge

4