FILED

2004 JAN -9 P 3: 10

US DISTRICT COURT
BRIDGEPORT CT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LEO FELIX CHARLES | : | PRISONER<br>CIVIL NO. 3:02CV1341 (GLG)(WIG) |
| v. | : | |
| JACK MALEH, ET AL. | : | JANUARY 8, 2004 |

## ANSWER AND AFFIRMATIVE DEFENSES

1. Plaintiff's assertion of jurisdiction is denied.

2. Plaintiff's assertion of jurisdiction is denied.

3. Plaintiff's assertion of jurisdiction is denied.

4. Admitted.

5. It is admitted that defendant Maleh was, at all times relevant to this lawsuit, a physician employed or retained by the State of Connecticut, Department of Correction ("DOC"). The remainder of the allegations are denied.

6. It is admitted that defendant Mingzer was, at all times relevant to this lawsuit, a physician employed or retained by the DOC. The remainder of the allegations are denied.

7. It is admitted that defendant Shivy was, at all times relevant to this lawsuit, a dentist employed or retained by the DOC. The remainder of the allegations are denied.

8. It is admitted that defendant Young was, at all times relevant to this lawsuit, a dentist employed or retained by the DOC. The remainder of the allegations are denied.

9. It is admitted that defendant Cooper was, at all times relevant to this lawsuit, a medical representative employed or retained by the DOC. The remainder of the allegations are denied.

10. It is admitted that defendant Husband was, at all times relevant to this lawsuit, a nurse employed or retained by the DOC. The remainder of the allegations are denied.

11. It is admitted that defendant Maylor was, at all times relevant to this lawsuit, a Lieutenant employed by the DOC. The remainder of the allegations are denied.

12. It is admitted that defendant Rodriguez was, at all times relevant to this lawsuit, a correctional Warden employed by the DOC. The remainder of the allegations are denied.

13. It is admitted that defendant Armstrong, at all times pertinent to this lawsuit, was the Commissioner of DOC. The remainder of the allegations are denied.

14. As pled, the defendants are unable to either admit or deny these allegations and, therefore, leave the plaintiff to his proof.

15. Admitted.

16. Admitted.

17. As pled, the defendants are unable to either admit or deny these allegations and, therefore, leave the plaintiff to his proof.

18. As pled, the defendants are unable to either admit or deny these allegations and, therefore, leave the plaintiff to his proof.

19. As pled, the defendants are unable to either admit or deny these allegations and, therefore, leave the plaintiff to his proof.

20. As pled, the defendants are unable to either admit or deny these allegations and, therefore, leave the plaintiff to his proof.

21. As pled, the defendants are unable to either admit or deny these allegations and, therefore, leave the plaintiff to his proof.

22. Admitted.

23. As pled, the defendants are unable to either admit or deny these allegations and, therefore, leave the plaintiff to his proof.

24. It is admitted that on or about July 14, 1997 the plaintiff was seen in the prison infirmary. As to the remainder of the allegations, as pled, the defendants are unable to either admit or deny these allegations and, therefore, leave the plaintiff to his proof.

25. It is admitted that on or about June 5, 1998 the plaintiff was transferred to Walker. It is further admitted that the plaintiff received x-rays at Walker. The remainder of the allegations, as pled, are denied.

26. It is admitted that on or about June 15, 1998, plaintiff was transferred to Cheshire Correctional Institution. The remainder of the allegations are denied.

27. As pled, the defendants are unable to either admit or deny these allegations and, therefore, leave the plaintiff to his proof.

28. It is admitted that the plaintiff received ongoing treatment from DOC medical staff for plaintiff's shoulder condition, including an x-ray on or about November 15, 1999. The remainder of the allegations are denied.

29. It is admitted that defendant Maleh provided ongoing treatment and medication for plaintiff's shoulder condition. The remainder of the allegations are denied.

30. Denied.

31. It is admitted that the plaintiff complained of a number of medical problems while incarcerated at Cheshire Correctional Institution. The remainder of the allegations are denied.

32. It is admitted that the plaintiff complained of a number of medical problems while incarcerated at Cheshire Correctional Institution. The remainder of the allegations are denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. It is admitted that defendant Maleh provided ongoing treatment and medication for plaintiff's medical condition. The remainder of the allegations are denied.

38. It is admitted that the plaintiff received Tylenol and Motrin. The remainder of the allegations are denied.

39. Denied.

40. It is admitted that the plaintiff has filed, inter alia, a Habeas Corpus action.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. It is admitted that since he has been incarcerated, plaintiff has been provided with ongoing dental care, including diagnosis and treatment.

48. It is admitted that since he has been incarcerated, plaintiff has been provided with ongoing dental care, including diagnosis and treatment. The remainder of the allegations are denied.

49. It is admitted that since he has been incarcerated, plaintiff has been provided with ongoing dental care, including diagnosis and treatment. The remainder of the allegations are denied.

50. Denied.

51. It is admitted that on or about June 23, 2001, plaintiff was transferred to Walker.

52. It is admitted that while at Walker plaintiff made a request for, and was provided with, dental treatment. The remainder of the allegations are denied.

53. It is admitted that while at Walker plaintiff made a request for, and was provided with, dental treatment. The remainder of the allegations are denied.

54. Denied.

55. It is admitted that on or about August 10, 2001, plaintiff received a teeth cleaning. The remainder of the allegations are denied.

56. It is admitted that the plaintiff filed a number of grievances and correspondence concerning his dental care and received appropriate responses from DOC staff. The actual content of all of these grievances and correspondence is admitted.

57. It is admitted that the plaintiff filed a number of grievances and correspondence concerning his dental care and received appropriate responses from DOC staff. The actual content of all of these grievances and correspondence is admitted.

58. It is admitted that the plaintiff filed a number of grievances and correspondence concerning his dental care and received appropriate responses from DOC staff. The actual content of all of these grievances and correspondence is admitted.

59. It is admitted that the plaintiff filed a number of grievances and correspondence concerning his dental care and received appropriate responses from DOC staff. The actual content of all of these grievances and correspondence is admitted.

60. It is admitted that the plaintiff filed a number of grievances and correspondence concerning his dental care and received appropriate responses from DOC staff. The actual content of all of these grievances and correspondence is admitted.

61. It is admitted that the plaintiff filed a number of grievances and correspondence concerning his dental care and received appropriate responses from DOC staff. The actual content of all of these grievances and correspondence is admitted.

62. It is admitted that the plaintiff filed a number of grievances and correspondence concerning his dental care and received appropriate responses from DOC staff. The actual content of all of these grievances and correspondence is admitted.

63. It is admitted that the plaintiff filed a number of grievances and correspondence concerning his dental care and received appropriate responses from DOC staff. The actual content of all of these grievances and correspondence is admitted.

64. It is admitted that the plaintiff filed a number of grievances and correspondence concerning his dental care and received appropriate responses from DOC staff. The actual content of all of these grievances and correspondence is admitted.

65. It is admitted that on or about September 21, 2001 plaintiff was transferred to Cheshire Correctional Institution. As to the remainder of the allegations, it is admitted that the plaintiff filed a number of grievances and correspondence concerning his dental care and received appropriate responses from DOC dental staff. The actual content of all of these documents is admitted.

66. It is admitted that the plaintiff filed a number of grievances and correspondence concerning his dental care and received appropriate responses from DOC staff. The actual content of all of these grievances and correspondence is admitted.

67. It is admitted that the plaintiff filed a number of grievances and correspondence concerning his dental care and received appropriate responses from DOC staff. The actual content of all of these grievances and correspondence is admitted.

68. As pled, the defendants are unable to either admit or deny these allegations and, therefore, leave the plaintiff to his proof.

69. As pled, the defendants are unable to either admit or deny these allegations and, therefore, leave the plaintiff to his proof.

70. Denied.

71. Denied.

72. Denied.

73. As pled, the defendants are unable to either admit or deny these allegations and, therefore, leave the plaintiff to his proof.

74. As pled, the defendants are unable to either admit or deny these allegations and, therefore, leave the plaintiff to his proof.

75. As pled, the defendants are unable to either admit or deny these allegations and, therefore, leave the plaintiff to his proof.

76. Denied.

77. As pled, the defendants are unable to either admit or deny these allegations and, therefore, leave the plaintiff to his proof.

78. Denied.

79. It is admitted that the plaintiff filed a number of letters and grievances concerning numerous issues relating to his incarceration and received appropriate responses from DOC officials. The actual contents of all said correspondence is admitted.

80. It is admitted that the plaintiff filed a number of letters and grievances concerning numerous issues relating to his incarceration and received appropriate responses from DOC officials. The actual contents of all said correspondence is admitted.

81. It is admitted that the plaintiff filed a number of letters and grievances concerning numerous issues relating to his incarceration and received appropriate responses from DOC officials. The actual contents of all said correspondence is admitted.

82. Denied.

83. It is admitted that the plaintiff filed a number of letters and grievances concerning numerous issues relating to his incarceration and received appropriate responses from DOC officials. The actual contents of all said correspondence is admitted.

84. Denied.

85. It is admitted that the plaintiff filed a number of letters and grievances concerning numerous issues relating to his incarceration and received appropriate responses from DOC officials. The actual contents of all said correspondence is admitted.

86. Denied.

87. Denied.

88. The defendants are unable to admit, or deny, selective and out of context references to the plaintiff's medical history and treatment. The defendants do admit that the plaintiff received extensive medical care for his variety of complaints. The defendants also admit the actual contents of plaintiff's medical record which reflect this treatment.

89. The defendants are unable to admit, or deny, selective and out of context references to the plaintiff's medical history and treatment. The defendants do admit that the plaintiff received extensive medical care for his variety of complaints. The defendants also admit the actual contents of plaintiff's medical record which reflect this treatment.

90. The defendants are unable to admit, or deny, selective and out of context references to the plaintiff's medical history and treatment. The defendants do admit that the plaintiff received extensive medical care for his variety of complaints. The defendants also admit the actual contents of plaintiff's medical record which reflect this treatment.

91. The defendants are unable to admit, or deny, selective and out of context references to the plaintiff's medical history and treatment. The defendants do admit that the plaintiff received extensive medical care for his variety of complaints. The defendants also admit the actual contents of plaintiff's medical record which reflect this treatment.

92. The defendants are unable to admit, or deny, selective and out of context references to the plaintiff's medical history and treatment. The defendants do admit that the plaintiff received extensive medical care for his variety of complaints. The defendants also admit the actual contents of plaintiff's medical record which reflect this treatment.

93. It is admitted that the plaintiff filed a number of letters and grievances concerning numerous issues relating to his incarceration and received appropriate responses from DOC officials. The actual contents of all said correspondence is admitted.

94. It is admitted that the plaintiff filed a number of letters and grievances concerning numerous issues relating to his incarceration and received appropriate responses from DOC officials. The actual contents of all said correspondence is admitted.

95. As pled, the defendants are unable to either admit or deny these allegations and, therefore, leave the plaintiff to his proof.

96. It is admitted that the plaintiff filed a number of letters and grievances concerning numerous issues relating to his incarceration and received appropriate responses from DOC officials. The actual contents of all said correspondence is admitted.

97. It is admitted that the plaintiff filed a number of letters and grievances concerning numerous issues relating to his incarceration and received appropriate responses from DOC officials. The actual contents of all said correspondence is admitted.

98. It is admitted that the plaintiff filed a number of letters and grievances concerning numerous issues relating to his incarceration and received appropriate responses from DOC officials. The actual contents of all said correspondence is admitted.

99. It is admitted that the plaintiff filed a number of letters and grievances concerning numerous issues relating to his incarceration and received appropriate responses from DOC officials. The actual contents of all said correspondence is admitted.

100. It is admitted that the plaintiff filed a number of letters and grievances concerning numerous issues relating to his incarceration and received appropriate responses from DOC officials. The actual contents of all said correspondence is admitted.

101. It is admitted that the plaintiff filed a number of letters and grievances concerning numerous issues relating to his incarceration and received appropriate responses from DOC officials. The actual contents of all said correspondence is admitted.

102. It is admitted that the plaintiff filed a number of letters and grievances concerning numerous issues relating to his incarceration and received appropriate responses from DOC officials. The actual contents of all said correspondence is admitted.

103. It is admitted that the plaintiff filed a number of letters and grievances concerning numerous issues relating to his incarceration and received appropriate responses from DOC officials. The actual contents of all said correspondence is admitted.

104. It is admitted that the plaintiff filed a number of letters and grievances concerning numerous issues relating to his incarceration and received appropriate responses from DOC officials. The actual contents of all said correspondence is admitted.

105. Denied.

106. It is admitted that on or about May 22, 2002 plaintiff received a disciplinary hearing pertaining to a disciplinary ticket and following the hearing was found guilty. The

defendants are unable to admit, or deny, specific and out of context statements from that hearing. The defendants admit the content of all documents detailing the hearing.

107. It is admitted that on or about May 22, 2002 plaintiff received a disciplinary hearing pertaining to a disciplinary ticket and following the hearing was found guilty. The defendants are unable to admit, or deny, specific and out of context statements from that hearing. The defendants admit the content of all documents detailing the hearing.

108. It is admitted that on or about May 22, 2002 plaintiff received a disciplinary hearing pertaining to a disciplinary ticket and following the hearing was found guilty. The defendants are unable to admit, or deny, specific and out of context statements from that hearing. The defendants admit the content of all documents detailing the hearing.

109. It is admitted that on or about May 22, 2002 plaintiff received a disciplinary hearing pertaining to a disciplinary ticket and following the hearing was found guilty. The defendants are unable to admit, or deny, specific and out of context statements from that hearing. The defendants admit the content of all documents detailing the hearing.

110. It is admitted that on or about May 22, 2002 plaintiff received a disciplinary hearing pertaining to a disciplinary ticket and following the hearing was found guilty. The defendants are unable to admit, or deny, specific and out of context statements from that hearing. The defendants admit the content of all documents detailing the hearing.

111. It is admitted that on or about May 22, 2002 plaintiff received a disciplinary hearing pertaining to a disciplinary ticket and following the hearing was found guilty. The defendants are unable to admit, or deny, specific and out of context statements from that hearing. The defendants admit the content of all documents detailing the hearing.

112. It is admitted that on or about June 10, 2002 plaintiff received a disciplinary hearing pertaining to a disciplinary ticket and following the hearing was found guilty. The defendants are unable to admit, or deny, specific and out of context statements from that hearing. The defendants admit the content of all documents detailing the hearing.

113. It is admitted that on or about June 10, 2002 plaintiff received a disciplinary hearing pertaining to a disciplinary ticket and following the hearing was found guilty. The defendants are unable to admit, or deny, specific and out of context statements from that hearing. The defendants admit the content of all documents detailing the hearing.

114. It is admitted that on or about June 10, 2002 plaintiff received a disciplinary hearing pertaining to a disciplinary ticket and following the hearing was found guilty. The defendants are unable to admit, or deny, specific and out of context statements from that hearing. The defendants admit the content of all documents detailing the hearing.

115. It is admitted that on or about June 10, 2002 plaintiff received a disciplinary hearing pertaining to a disciplinary ticket and following the hearing was found guilty. The defendants are unable to admit, or deny, specific and out of context statements from that hearing. The defendants admit the content of all documents detailing the hearing.

116. It is admitted that on or about June 10, 2002 plaintiff received a disciplinary hearing pertaining to a disciplinary ticket and following the hearing was found guilty. The defendants are unable to admit, or deny, specific and out of context statements from that hearing. The defendants admit the content of all documents detailing the hearing.

117. As pled, the defendants are unable to either admit or deny these allegations and, therefore, leave the plaintiff to his proof.

118. As pled, the defendants are unable to either admit or deny these allegations and, therefore, leave the plaintiff to his proof.

119. Denied.

120. Denied.

121. Denied.

122. Denied.

123. Denied.

124. Denied.

125. Denied.

126. Denied.

127. Denied.

128. Denied.

129. Denied.

130. Denied.

131. Denied.

132. Denied.

133. Denied.

134. Denied.

135. Denied.

136. Denied.

137. Denied.

138. Denied.

139. Denied.

140. Denied.

141. Denied.

142. Denied.

143. Denied.

144. Denied.

145. Denied.

146. Denied.

147. Denied.

148. Denied.

149. Denied.

150. Denied.

151. Denied.

152. Denied.

153. Denied.

154. Denied.

155. Denied.

156. Denied.

157. Denied.

158. Denied.

159. Denied.

160. Denied.

161. Denied.

162. Denied.

163. Denied.

164. Denied.

165. Denied.

166. Denied.

167. Denied.

168. Denied.

169. Denied.

170. Denied.

171. Denied.

172. Denied.

173. Denied.

174. Denied.

175. Denied.

176. Denied.

177. Denied.

**PRAYER FOR RELIEF:** Denied in its entirety.

## AFFIRMATIVE DEFNSES

1. Plaintiff has failed to exhaust his administrative remedies, prior to bring this suit, as required by the Prison Litigation Reform Act.

2. Plaintiff's legal claims are barred by the applicable statute of limitations.

3. All of plaintiff's legal claims are legally unfounded because he has failed to allege claims that rise to the level of a constitutional violation.

4. The plaintiff's legal claims are legally unfounded because he has failed to allege the requisite personal involvement of the defendants in the alleged constitutional violations.

5. The plaintiff's legal claims against the defendants in their official capacity(ies) are barred by the Eleventh Amendment to the United States Constitution.

6. The defendants, at all times pertinent to the allegations in plaintiff's complaint, acted in the course of their employment and acted professionally and in an objectively reasonable fashion and did not infringe upon any of the plaintiff's constitutional rights. Accordingly, they are entitled to qualified immunity.

DEFENDANTS
Jack Maleh, et al.

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: _____
Matthew B. Beizer
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105
Federal Bar #ct16304
E-Mail: matthew.beizer@po.state.ct.us
Tel.: (860) 808-5450
Fax: (860) 808-5591

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed to the following on this 8th day of January, 2004:

Leo Felix Charles # 193138
Northern Correctional Institution
287 Bilton Road
P.O. Box 665
Somers, CT  06071

Matthew B. Beizer
Assistant Attorney General