United States District Court
District of Connecticut

Leo Felix Charles          Civil No. 3:02CV1341(GLG)(WIG)
    v
Jack Maleh, Et Al.         April 30, 2004

FILED
2004 MAY 12 A 8:15
U.S. DISTRICT COURT
BRIDGEPORT, CONN

Memorandum of Law In Support of Motion To Compel Discovery

Statement of the Case.

This is a 1983 action filed by Leo Felix Charles, a state of Connecticut prisoner seeking damages, a declaratory judgment and injunctive relief based on denial of medical care, denial of dental care, conspiracy, discrimination, denial of due process at disciplinary hearing, involuntary medicated with psychotic drugs, denial of telephone access and retaliation.

Statement of Facts.

On Febuary 19, 2004, the plaintiff filed a request for Interrogatories and Production of documents pursuant to Rules 33 and 34 Federal Rule of Civil Procedure. As set forth in the plaintiff affidavit the defendants failed to respond within 30 days, and did not make any effort to obtain an extension from the court or by contacting the plaintiff. After 54 days, the plaintiff requested a response. After 71 days defendants counsel has not responded to plaintiff entire requests. Defendants counsel has not responded to the plaintiff efforts to resolve the dispute. See plaintiff affidavit.

Argument.

Point I

Defendants Have Waived And Refused To Cooperate To Plaintiff Motion By Their Failure To Respond Timely to The Request

2

The rules provide that responses and objections to requests for Interrogatories and to requests for production of documents are to be served within 30 days of the request unless the court grants a shorter or longer time. Rules 33 and 34 Federal Rule of Civil Procedure. The defendants however has not responded to plaintiff request for 71 days, or even seeking permission from the court or agreement from the plaintiff, for this delay.

It is well established in Federal practice that discovery objections are waived if a party fails to object or respond timely to Interrogatories, production requests, or other discovery efforts. Godsey v. United States 133 F.R.D. 111, 113 (S.D. Miss 1990); accord, Demars v. Yamaha Motor Corp., 125 F.R.D. 20, 22 (D. Mass 1989) and cases cited; Krewson v. City of Quincy, 120 F.R.D. 6, 7 (D. Mass 1988); Cephas v. Busch, 47 F.R.D. 371, 373 (E.D. Pa 1969); Sturdevant v. Sears Roebuck & Co. 32 F.R.D. 425 (W.D. Mo 1963); This waiver is enforced even is no responses, even if the objections are based on a claim of privilege. Marx v. Kelly, Hart & Halman P.C. 929 F.2d 8, 12 (1st Cir 1991); Fretz v. Keltner 109 F.R.D. 303, 309 (D. Kan 1986)

3

and cases cited; Cardox Corp. v. Olin Matthiesen Chemical Corp., 23 F.R.D. 27, 31 (S.D. Ill 1958). The noncomplying party is excused from the waiver only if the discovery is "patently improper" Godsey v. United States, 133 F.R.D. at 113, or if it "far exceeds the bounds of fair discovery," Krewson v. City of Quincy 120 F.R.D. at 7.

As shown in the next several points, the discovery such is not only proper, but is highly appropriate and relevant.

## Point II

### The Discovery Sought is Relevant to The Claims And Defenses in this Case

Defendants refusal to respond to plaintiff Interrogatories, Production of documents as requested and filed their Motion for extension of time to file their Motion for Summary Judgment are irrelevant to this action and violate the Federal Rule of Civil Procedure.

Rule 26, Federal Rule of Civil Procedure, permits

4

discovery of matters "relevant to the subject matter involved in the pending action. .... It is not ground for refusing to to answer to Interrogatories requests and requests for production of documents or for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence". In the discovery stage, relevance is construed" broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case" Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S.Ct. 2380 (1978)(footnote omitted); accord, Weiss v. Amoco Oil Co., 142 F.R.D. 311, 315 (S.D. Iowa 1992). Discovery request should be allowed "unless it is clear that the information sought can have no possible bearing upon the subject matter of the action." La Chemise Lacoste v. Alligator Co. Inc., 60 F.R.D. 164, 171 (D. Del. 1973); see Nash v. Thielke, 743 F. Supp. 130 (E.D. Wiss 1990)(the plaintiff was entitled to an officer urine test results, since the officer sobriety during the incident was an issue in the case).

Each item sought by the plaintiff and each Interrogatories requests is relevant to claims and defense in the case.

5

A. Interrogatories requests and Documents relevant to past denial of medical care, denial of dental care, denial of due process, discrimination of inmates by the defendants and their agents.

Item I of the plaintiff Interrogatories request seek any and all policy and procedure on admitted inmates insofar as they pertain to providing medical and dental care by the defendants and on the plaintiff Production of documents seek any memoranda, files, or other investigative files or other documents created by the defendants in response to plaintiff request for medical and dental care since his admission. The defendants has not responded to plaintiff entire request for interrogatories and request for production of documents. The plaintiff does not seek "personnel records" in any general way. He seeks documents and answer to his interrogatories pertaining to particular kind of complaints and allegations about these defendants. He does not seeks other matters that may be in their personal records such as medical data or information about their records of lateness, leaves, and vacations, etc.

The kind of information sought is highly relevant in the present action.

6

The plaintiff has information that repeated complaints about denial of medical, denial of dental care, false entries in inmates medical file, refusal to provide proper treatment to inmates and lying about inmates medical condition, and that nothing has been done about some of the defendants. The plaintiff also has information that repeated complaints about denial of due process at disciplinary hearing, discrimination, refusal and denial of lavatory to prisoners except an urine specimen is requested by a Doctor, retaliatory transfer and nothing has been done about some of the defendants. Evidence to that effect would be highly relevant to the claim of supervisory liability against defendants Armstrong the Commissioner of Correction, Rodriguez the Warden of Cheshire, Cooper medical supervisor at Cheshire, set out on many paragraphs of the complaint. See Parrish v. Luckie, 963 F.2d 201, 205-06 (8th Cir 1992); Foley v. City of Lowell Mass., 948 F.2d 10, 14-16 (1st Cir 1991); Gutierez-Rodriguez v. Cartagena, 882 F.2d. 553, 572-75 (1st Cir 1989); Fletcher v. Odonnell, 867 F.2d 791, 794 (3d Cir 1989). This evidence may also support the claims against the defendants themselves. Rule 404(b), FRE, provides, "Evidence of other crimes, wrong acts, or acts

is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may be, however, admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Evidence of prior denial of medical and dental care by prison doctor have been admitted by several courts as relevant to serious medical condition diagnosed by a physician, as mandating treatment. And the Supreme Court has ruled that deliberate indifference to serious medical needs of a prisoners is cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976).

For these reasons the Interrogatories request and the Production of documents requests should be answered and produced because the material sought is relevant to this action.

Conclusion

For the foregoing reasons, the court should grant plaintiff Motion to Compel discovery.

Respectfully Submitted
Leo Felix Charles
Pro se Plaintiff.

8

## Certification

This is to certify that a copy of the foregoing was mailed to the following on this 30th day of April 2004

Matthew B. Biezer
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105

By

Les Felix Charles
Pro Se Plaintiff
Cheshire Correctional Inst.
900 Highland Avenue
Cheshire, CT 06410

9