United States District Court
District of Connecticut

Leo Felix Charles     Civ No 3:02CV1341(GLG)(WIG)
Plaintiff
v
Jack Maleh et AL      January 14, 2004

Plaintiff First set For Interrogatories & Production

The plaintiff Leo Felix Charles, pursuant to Rules 33 and 34, Fed. R. Civ. P., hereby requests that the defendants respond individually and separately under oath the following interrogatories and request for production with (30) days.

1. The interrogatories shall be deemed continuing, so as to require supplemental answer if further information is obtained between the time the answer are served and the time of trial.

2. If no one defendant is competent to answer all of the interrogatories and/or requests for production, the responses should be separately answered under oath

by as many agents of the defendants as are necessary.

3. As used herein, the term "document" means the original as well as a copy regardless of origin or location of any typewritten, handwritten, printed or recorded material including, but not limited to, any book, pamphlet, periodical, letter, memorandum, telegram, report, record, study, handwritten note, working paper, chart, paper, graph, index, tape, disc, data sheet, data processing card, diary, calendar business record, address and telephone records, or any other written, recorded, transcribed, punched, taped, filmed or graphic matter however produced or reproduced to which you have or have had access or control.

4. As used herein, the term "identify" or "identification" with reference to a document means to state the date, author (and if different the signed or signers), the addressee document (e.g., letter, memorandum, etc.) and its present or last known location and the name and address of the person having custody or control of such document. ~~If any such document~~ was, but is no longer in your possession

2

or subject to your control, state the disposition made of it, the reason for such disposition and the date thereof, its present location and the name and address of the person having custody or control of such document, with sufficient particularity to request its production under Rule 34, FRCP.

5 - As used herein, the term "you" means you, yourself, the person whom these interrogatories are addressed or any of your agents, deputies, assignees, partners, associates or any employees, employers or organization of which you are a member or an employee or any person acting on your behalf.

6 - Without limitation, a document is deemed to be in your "control" if you have the right to secure the document or a copy thereof from another person or public or private entity having actual possession thereof.

7 - "Communicate" or "Communication" means every manner or means of disclosure, transfer, or exchange, and every disclosure, transfer or exchange of information whether orally or by document or whether face-

3

to-face, by telephone, mail, personal delivery, or otherwise.

8. Use of the term "identity" with reference to an individual person, means to state his full name, present home address, present position and business affiliation or employment.

"Identity" as to communication means to state the date of the communication, the type of communication, the place where such communication was made, the identities of the maker(s) and the receiver(s) of the communication and of each person present when it was made, and the subject matter discussed.

9. The masculine shall include the neutral or feminine gender, unless the context expressly indicates otherwise; the singular includes the plural and vice versa; the present tense includes the past tense and vice versa; and "or" shall be construed either conjunctively or disjunctively to bring within the scope of these interrogatories any information which might otherwise be construed ~~to be outside their scope.~~

4

10— If any of the information requested is answer to the interrogatories propounded herein is available in machine-readable form (such as punch cards, paper or magnetic tapes, drums, discs, or core storage) state the form in which it is available and describe the type of computer or other machine required to read the records. If the information requested is stored in a computer, indicate whether there is an existing program which will print the records in the form desired, or if no program exists, whether one could be written.

11— If you do not answer any interrogatories because of a claim of privileges, set forth the privilege claimed, the facts upon which you rely to support the claim of privilege, and identify all documents for which such privilege is claimed.
   Please see attached page of requests and production:

5

1 — Identify and provide any and all documents relating to Department of Correction prison medical center admission policies and procedures.

2 — Identify and provide any and all documents relating to Department of Correction prison medical center release policies and procedures.

3 — Identify and provide any and all documents relating to prison medical center policies and procedures concerning the admittance and treatment of patient with HIV, Aids, periodontal disease, dislocated shoulder, tuberculosis, cancer, heart disease, diabetes, Hepatitis, any degenerative or chronic disease, any injury requiring surgery, cerebral palsy, multiple sclerosis, mental retardation, epilepsy.

4 — Identify and provide any and all documents relating to prison medical center policies and procedures concerning prison medical center staff training and ~~education including all the defendants~~ in this action.

6

5. Identify and provide any and all documents relating to prison medical center policies and procedures relating to the American with Disabilities Act.

6. Identify and provide any and all documents related to any complaints, grievances, criticism, censure, reprimand or rebuke directed toward defendants: Maleh, Shivy, Young, Cooper, Husband.

7. Identify and provide any and all dental records and dental X-Rays of plaintiff from May 24, 1997 through and including the date of your response to this request.

8. Identify and provide any and all policies, procedures, regulations, notes, instructions, memoranda, internal communications and directives in effect from May 24, 1997 through and including the date of your response to this request concerning tooth extraction, dental surgery at Cheshire Correctional Institution.

7

9. Identify and provide all notes, letters, documents, memoranda, files, records, record books, logs, grievance reports or written communication concerning complaints made against all the defendants in the instant action.

10. Identify and provide any and all grievances, complaints, or other documents received by the defendants or their agents at Cheshire Correctional Institution, Walker C.I, Bridgport C.I concerning all the defendants.

11. Identify and provide any and all policies, directives or instruction to staff and the defendants governing sick call procedures both in the General population and in Segregation.

12. Identify and provide all sick call request sheets of plaintiff from period of May 24, 1997 through and including the date of your response.

13. Identify and provide all medical

grievances including Appeal filed by plaintiff demanding medical and dental treatment from period of May 24, 1997 through and including the date of your response.

14. Identify and provide any logs, list or other documents reflecting medical grievances filed by Cheshire Correction inmates other than the plaintiff from June 1998 to the date of your response.

15. Identify and provide any and all documents created by Cheshire Correctional staff member, medical staff member and all the defendants in response to grievances filed by plaintiff concerning his medical and dental treatment from period of June 1998 through and including the date of your response.

16. Identify and provide any and all documents created by Cheshire Correctional Institution, Walker CI medical staff member from June 1998 to the date of your response concerning plaintiff medical

and dental treatment and not included in items 12, 13, 14, 15 of this request.

17. State the duties of defendants Maleh, Shivy, Young, Cooper, Husband at Cheshire Correctional Institution or the Department of Correction in so far as they pertain to providing medical care, dental care to prisoners. If those duties are set forth in any job description or other documents, provide the document.

18. State the duties of defendants: Rodriguez, Armstrong concerning Cheshire Correctional Institution. If those duties are set forth in any job description or other documents, provide the document.

19. State the names, titles and duties of all medical staff members at Cheshire Correctional Institution other than the defendants in this action who have responsibility for ensuring that inmates requests for medical and dental attention are responded to. If those duties are set forth in any job description or other

10

documents, provide the document.

20. State the names, titles and duties of all staff members at Cheshire Correctional Inst. who have responsibility for responding to, investigating or deciding prisoners medical grievances including grievances appeal. If those duties are set forth in any job description, policy, directive or other documents, provide the document.

21. State the procedure in effect during June 1998 at Cheshire Correctional Institution to the date of your response, for responding to, investigating and deciding inmate grievances. If the procedure for handling grievances based on medical complaints is different from the procedure for handling other kind of grievances, state both procedures. If those procedures are set forth in any directive, manual or other documents, provide the document.

22. State the names, titles of the defendants or the staff members or the person(s) responsible for providing medical and dental treatment to prisoners and plaintiff

11

while in custody of the department of Correction.

23. Identify and provide all complaints and other documents received by the defendants or their agents Department of Correction concerning medical and dental treatment of prisoners other than the plaintiff by all the defendants, and any memoranda, investigative files created in response to such document since June 1998 to the date of your response.

24. Identify and provide any and all documents reflecting disciplinary, suspension or sanction for which any one of the defendants has been previously reprimanded.

25. Identify and provide any and all documents whether physical or otherwise gathered by the Internal Affairs Division of the Department of Correction which alleged act or acts of any one of the defendants which allegedly constitutes the commission of an offense, violation of

policies or punishment regarding any one of the defendants involved in this case.

26- State the correct names and titles of all the defendants (including nick names)

27- Identify and provide all law suits filed by prisoners at Cheshire Correctional Institution concerning denial of medical and dental care in which medical staff members or any one of the defendants in this case were identified as the responsible employed.

28- Identify and provide all logs, transcripts, notes, or other material or documentation reflecting complaints filed by prisoners at the Cheshire Correctional Inst from June 1998 to the date of your response.

29- Identify and provide all notes, documents, letters, memoranda, files, records, record books, logs, grievance reports, concerning instances in which prisoner were denied medical and dental treatment.

30. Identify and provide any and all copies of results including but not limited to lab test, final results, reports, work sheets, computation sheets, laboratory notes, records of observations or other record used in the testing, notes on the testing or procedures used describing plaintiff dental and medical injuries from May 24, 1997 to the date of your response.

31. Identify and provide all medical and dental service or medical records pertaining to the physical conditions and any injuries sustained by the plaintiff and treatment rendered to plaintiff from May 24, 1997 to the date of your response.

32. Identify and provide any and all policies, directives, regulations or instructions to medical staff including the defendants in this case concerning medical and dental treatment to prisoners of the Caucasian race, hispanic race and minorities black african american.

33. Identify and provide any and all psychological reports and psychiatric reports of all the defendants from June 1998 to the date of your response.

34. Identify and provide the names and addresses of all physicians or other medical persons who provided treatment to plaintiff injuries while in the custody of the department of Correction.

35. Identify the treatment provided to plaintiff for his physical injuries and dental injuries while in the custody of the department of Correction.

36. Identify and provide any and all notes, documents, letters, memoranda, files, logs, grievance reports concerning complaints made by prisoners at Cheshire Correctional Institution against all the defendants in this action concerning medical and dental.

37. Identify and provide any and all documents reflecting prisoners at Cheshire Correctional Institution with similar medical and dental condition as plaintiff.

38. Identify and provide any and all documents reflecting treatment provided to prisoners at Cheshire Correctional Inst. with similar medical and dental conditions as plaintiff.

39. Identify and provide the list of each and expert witnesses that will testify to support the defense raised in your answer to the complaint

40. Identify and provide any expert reports that would verify that the defendants provided extensive medical and dental care.

Leo Felix Charles
Plaintiff

Certification

I hereby certify that the original copy of Plaintiff First set Interrogatories and production of documents under rules 33 and 34 FRCP was mailed to the following on this 14th day of January 2004

To:

Matthew B Beizer
Assistant Attorney General
110 Sherman Street
Hartford, Ct 06105.

Leo Felix Charles
# 193138
Northern C. I
287 Bilton Road
P.O. Box 665
Somers, Ct 06071

17





**RICHARD BLUMENTHAL**
ATTORNEY GENERAL

MacKenzie Hall
110 Sherman Street
Hartford, CT 06105-2294

Office of The Attorney General
## State of Connecticut

Tel: (860) 808-5450
Fax: (860) 808-5591

February 6, 2004

Leo Felix Charles #193138
Northern Correctional Institution
287 Bilton Road
P.O. Box 665
Somers, CT 06071

**RE:** <u>Charles v. Maleh, et al.</u>

Dear Mr. Charles:

I am in receipt of your document dated January 14, 2004 and titled "Plaintiff First Set For Interrogatories & Production." It appears from the document that you have confusingly combined the two filings. As you may know, Interrogatories and Requests for Production are different filings and different rules apply to their use. Accordingly, as currently presented, I am unable to draft responses to your document. If you want to redraft your requests in compliance with the Federal Rules of Civil Procedure, I will respond accordingly.

Very truly yours,

Matthew B. Beizer
Assistant Attorney General

MBB/ni