EXHIBIT

3

United States District Court
District of Connecticut

Leo Felix Charles
Plaintiff

Civ No 3:02CV1341(GLG)(WIG)

v

Jack Maleh et Al

Febuary 19, 2004

Plaintiff First set Request For
Interrogatories And Production

The plaintiff Leo Felix Charles, pursuant
to Rule 33 Fed. R. Civ. P., hereby propounds
the following interrogatories to be answered
separately by each defendant under oath
and request for production within thirty (30)
days of the filing here of in sofar as the dis-
closure sought will be of assistance in the pre-
paration of this action and can be provided
by the defendants with subtantially greater
facility than could otherwise obtained. The
interrogatories shall deemed continuing, so
as to require supplemental answer if further
information is obtained between the time
the answer are served and the time of trial

Please see attached pages of requests.

1- Do the Department of Correction prison medical center have any policy and procedures on admitted prisoners, insofar as they pertain to providing medical and dental care. IF your answer is yes or no, please specify and summarize each and every Facts upon which you base your allegation and the records upon which you believe will supports your allegation?

Answer:

2- Was plaintiff seen by any department of correction prison medical center staff about any inJury upon admission and after admitted. IF seen or not seen, please specify and summarize each and every Facts upon which you base your allegation and the records upon which you believe your allegation may be ascertained?

2

Answer:

3. Was plaintiff received any type of medication from any department of correction prison medical center staff after admitted on May 24, 1997 to June 23, 2002 for any physical injuries or dental injuries. If your answer is yes or no. Please specify and summarize each and every facts upon which you base your allegation and the documents upon which you believe your allegation may be derived?

Answer:

4- When X-Ray tooken of plaintiff on June 23, 1997. Did the Diagnostic Radiologic Report revealed any malfunction, dislocation, deformity or any injuries at all on plaintiff. If your answer is yes or no. Please specify and summarize each and every facts upon which you base your allegation and the records upon which you believe will supports your allegation?

Answer:

5- Is it or isn't true that X-Ray tooken of plaintiff on June 4, 1998 shows any physical injury on plaintiff. If your answer is yes or no. Please specify and summarize each and every facts upon which you base your allegation and the records upon which you believe will supports your allegation?

Answer:

6- When X-Ray tooken of plaintiff on December 7, 1998 Is it or isn't true that the Diagnostic Radiologic Report shows any physical injury on plaintiff. IF your answer is yes or no. Please specify and summarize each and every facts you base your allegation and the records upon which you believe your allegation may be derived or ascertained?

Answer:

7- Is it or isn't true that X-Ray tooken of plaintiff on November 15, 1999 Shows no physical injury on plaintiff IF your answer is yes or no. Please

specify and summarize each and every Facts upon which you base your allegation and the documents upon which you believe will supports your allegation?

Answer:

8- Please provide the names, titles, and duties of all medical staff members at Cheshire Correctional and the defendants who have responsibility for responding to, investigating or deciding prisoners medical grievances including grievances appeal?

Answer:

6

9- Please provide the names, titles and duties of the defendants or the staff members or the person(s) responsible for providing medical treatment for serious physical injuries and dental treatment for Periodontal disease and/or sore, swollen and bleeding gums to prisoners incarcerated at Cheshire Correctional Institution. If those duties are set forth in any Job description, policy, directive or other documents. Please specify and summarize each and every facts upon which you base your allegation and the documents, policy or directive upon which you believe your allegation may be ascertained?

Answer:

10- State the names, titles and duties of the defendants or the staff members or the person(s) at Cheshire Correctional Institution who have responsibility for ensuing that prisoners request for medical and dental attention are responded to. If those duties are set forth in any Job description, policy, manual, directive or other documents, please specify each and every facts upon which you base your allegation and the records upon which you believe will supports your allegation

Answer:

11- State the procedure in effect during June 15, 1998 to June 23, 2002 at Cheshire Correctional Institution for responding to, investigating and deciding inmates grie-

grievances. IF the procedure For handling grievances based on medical complaint is diFferent From the procedure For handling other kind of grievances, state both procedures. IF those procedures are set Forth in any policy, directive, manual or other documents, please specify and summarize each and every Facts upon which you base your allegation and the records upon which you believe will supports your allegation?

ANSWer:

12_ From May 24, 1997 to June 23, 2002 Did deFendants Mingzer and Maleh written down and sign up on plaintiFF clinical records the Findings of all Diagnostic Radio-

logic Report of X-Ray tooken of plaintiff.
If your answer is yes or no, please specify and
summarize each and every facts upon which you
base your allegation, and the records upon which
you believe your allegation may be derived or
ascertained?

Answer:

13. Is it or isn't true that defendants
Mingzer, Maleh, Cooper, Rodriguer and
Armstrong know that plaintiff suffered
from painful shoulder injury and re-
quested surgery as the viable course of
treatment to eliminate his daily pain
and suffering and was denied treatment.

10

IF your answer is yes or no, please specify and summarize each and every facts upon which you base your allegation and the records upon which you believe will supports your allegation?

Answer:

14- Is it or isn't true that defendants Shivy, Young, Cooper, Rodriguez and Armstrong know that plaintiff suffered from painful sore, swollen, bleeding gums and was denied treatment cause the lack of set-up medical equipment at Cheshire prism If your answer is yes or no, please spe-

11

City and summarize each and every facts upon which you base your allegation and the records upon which you believe will supports your allegation?

Answer:

15. Is it or isn't true that plaintiff filed a Petition g Habeas Corpus in the state Superior Court to obtain medical treatment for injuries described in this action that the defendants denied him and that a trial was conducted and defendants Armstrong, Rodriguez, Maleh, Minzer and Cooper failed to appear in court

12

For the trial and was defaulted by the court
Robinson, J. If your answer is yes or no,
please specify each and every facts upon
which you base your allegation and the re-
cords upon which you believe your allegation
may be derived or ascertained.

Answer:

16- Is it or isn't true that plaintiff
suffer from Hepatitis, Heart enlargement,
nerves damages and requested treatment
from defendants Maleh, Cooper, Rodriguez
Armstrong and has not received any
despite several requests and grievances
demanding treatment. If your answer is

13

yes or no, please specify and summarize each and every facts upon which you base your allegation and the records upon which you belive your allegation may be derived or ascertained ?

Answer:

17. Please list each and every prisoners by names and numbers at Cheshire Correctione Institution who filed requests, grievances, letters or other documents concerning instances in which they were denied medical and dental treatment.

Answer:

14

18_ Is it or isn't true that defendants Shiva, and Young Know the guide lines policy of the depart ment of correction do not provide treatment for pri- soners with sore, swollen and bleeding gums. If your answer is yes or no, please specify each and every facts upon which you base your allegation and the records upon which you believe will sup- ports your allegation?

Answer:

19_ Please list your Full name, address, date of birth and records relating to your Profession, training and education?

Answer:

15

20- Please list any and all documents rela-
ted to any complaints, grievances, criticism, cen-
sure, suspension, reprimand or rebuke direc-
ted toward you prior to or subsequent to the
incident giving rise to this proceeding?

Answer:

21- Please list any and all documents rela-
ting to prison medical center policies and
procedures concerning admittance and
treatment of prisoners with HIV, Aids,
Periodontal disease, Heart disease, Cancer,
Diabetes, Hepatitis, sore, swollen, bleeding

16

gums, Tuberculosis, any degenerative or chronic disease, any injury requiring surgery, Cerebral Palsy, Multiple sclerosis?

Answer:

22- State the procedure in effect during June 15, 1995 to the present date at Cheshire Correctional Institution for conducting sick call including the procedures by which inmates sign up for requested sick call. If the procedure is different for Caucasians, Hispanic and Puerto Rican inmates than for African American inmates and inmates with African descent, state both procedures. If those procedure are set forth in any policy, directive, manual or other

17

documents. Please specify and summarize each and every facts upon which you base your allegation and the records upon which you believe your allegation may be derived or ascertained?

Answer:

23. Do the plaintiff as a prisoner in the custody of the Department of Correction incarcerated at Cheshire Correctional Institution have the right to be heard in person and to present witnesses and documentary evidence in his defense when prison officials charge him with disciplinary infraction. IF your

18

answer is yes, please indicate why plaintiff witnesses was not called in any of the disciplinary hearings giving rise to this action conducted and Presided by defendant Maylok?

Answer:

24 - Is it or isn't true that only eyewitness could be called at disciplinary hearings when prison officials charge the plaintiff and prisoners with disciplinary infraction. If your answer is yes or no, please indicate why plaintiff witnesses has never been called on all disciplinary hearing conducted by officials of the Department of Correction since

June 15, 1998 to the present day and specify and summarize each and every facts upon which you base your allegation and the record upon which you believe will supports your allegation?

Answer:

25. Please provide the names and addresses of the Radiologist that Department of Correction prison medical center reviewed X-Ray #9730 tooken of plaintiff on June 23, 1997 and list the Findings, Conclusion and all information received From said Radiologist in regard to X-Ray #9730?

Answer:

By the Plaintiff

Leo Felix Charles
Northern Correctional Inst.
287 Bilton Road
P.O. Box 665
Somers, Ct 06071

## Certification

This is to certify that a copy of the Fore-going was mailed, postage prepaid on this 19th day of Febuary 2004 to:

Matthew B Beizer
Assistant Attorney General
110 Sherman Street
Hartford Ct 06105

By the Plaintiff
Leo Felix Charles

21

# OATH PAGE

I, _____ hereby certify that I have reviewed the above interrogatories and and responses thereto and that they are true and accurate to the best of my knowledge and belief.

_____
Defendant

Suscribed and sworn to before me this day of

22

United States District Court
District of Connecticut

Les Felix Charles                    Civ No 3:02cv1341(GLG)(WIG)
   Plaintiff
         v
JackMaleh et al                      Febuary 19, 2004

Plaintiff Request for Production

The plaintiff Les Felix Charles, pursuant to Rule 34 Fed. R. Civ. P., hereby request's that the defendants provide plaintiff with copies of the documents described in the following request for production, or afford plaintiff the opportunity or, where requested sufficient written authorization to inspect, copy, photograph or otherwise reproduce said documents. The production of such documents copies and written authorizations shall take place at the facility of plaintiff on the thirtieth day following the date above written.

1- Please provide any and all copies of Department of Correction prison medical

Center admission policies and procedures.

2- Please provide any and all copies relating to Department of Correction prison medical Center release policies and procedures.

3- Please provide any and all copies relating to prison medical center staff training and education including all the defendants.

4- Please provide any and all copies related to any complaints, grievances, criticism, Censure, reprimand or rebuke directed toward defendants Mingzer, Maleh, Cooper, Husband, Shivy, Maylor, Young and Rodriguez.

5- Please provide any and all copies, notes, letters, memoranda, files, records, record books, logs, grievance reports or written communication Concerning complaints made against all the defendants.

6- Please provide any and all copies of policies, directive or instruction to staff and the defendants governing sick call procedures.

2

7- Please provide any and all sick call slip Filed by the plaintiff requesting medical and dental care from period of May 24, 1997 to the date of your response.

8- Please provide any and all copies of grievances including grievances appeal Filed by the plaintiff requesting medical and dental care from period of May 24, 1997 to the date of your response.

9- Please provide any and all copies of logs or other documents reflecting medical grievances Filed by prisoners at Cheshire Correctional Institution from June 15, 1998 to June 23, 2002.

10- Please provide any and all copies of documents created by Cheshire Correctional Staff member, medical staff member and all the defendants in response to grievances Filed by the plaintiff concerning his medical and dental care from period of June 15, 1998 to the date of your response.

3

11. Please provide any and all copies of complaints or other documents received by the defendants or their agents concerning medical and dental treatment of prisoners and any memoranda, investigative files created in response to such document or complaint since June 1998 to the date of your response.

12. Please provide any and all copies reflecting disciplinary, suspension or sanction for which any one of the defendants has been previously reprimanded.

13. Please provide any and all copies of law suits filed by prisoners at Cheshire Correctional Institution concerning denial of medical and dental care in which any one of the defendants in this action were identified as the responsible employed.

14. Please provide any and all copies of all medical, psychological or other reports or documents relating to plaintiff physical injury.

H

15- Please provide any and all copies with the names and addresses of all physicians or other prison medical center staff who provided treatment to the plaintiff for the injuries he allege to have suffered or received.

16- Please provide any and all copies with the names and addresses of all physicians who provided treatment to plaintiff for his sore, swollen and bleeding gums during his incarceration at Cheshire Correctional Institution.

17- Please provide any and all copies of the plaintiff advocate investigation report CN 9509 from period of June 15, 1998 to the date of your response.

18. Please provide any and all copies of Disciplinary Investigator Report signed by the plaintiff from June 15, 1998 to the date of your response.

19- Please provide any and all copies of investigating reports brought to plaintiff hearing from June 15, 1998 to the date of your response.

5

20- Please provide any and all written investigative report presented against plaintiff to the Hearing officer presiding over plaintiff disciplinary hearing from June 15, 1998 to the date of your response.

21- Please provide any and all copies of Written Disciplinary Process Summary form CN 9504 on cases decided against plaintiff since June 15, 1998 to the date of your response.

22- Please provide any and all copies of written decisions, memo, letters, files regarding plaintiff classification levels and housing status from May 1, 2000 to the date of your response.

23- Please provide any and all copies of written decisions, memo, letters, files, notice of classification review, housing status, reclassification and transfer to new housing (meaning another prison) from May 1, 2000 to the date of your response.

24- Please provide any and all copies of written decisions, memo, letters, files.

concerning the plaintiff placement in Close Custody For Chronic Discipline From May 1, 2000 to the date of your response.

25- Please provide any and all copies of written decisions, memo, Files, letters concerning the plaintiff Removal From the Close Custody For Chronic Discipline and transfer out of the Unit.

26- Please provide any and all copies of written decisions, memo, letters, Files, physical evidence, written statement and all information relied on For placing plaintiff in Protective Custody.

27- Please provide any and all copies of written decisions, memo, letters, Files, concerning plaintiff Protective Custody Placement and Removal Recommendation Notice Filed out by Department of Correction Officials From June 15, 1998 to the date of your response.

28- Please provide any and all copies of written decisions, memo, letters or request made by Department of Correction officials for Removal of Plaintiff from Protective Custody.

29- Please provide any and all copies of Protective Custody Placement Review Notice and all Removal Recommendation Notice Filed out by Staff and all written decisions regarding plaintiff Placement in Protective Custody and Removal from Protective Custody and Reinstatement to Protective Custody.

30- Please provide any and all copies of each annual report From May 1998 to the date of your response presented to the Department of Correction Commissioner defendant John J. Armstrong regarding the number and type of grievances Filed by prisoners at Cheshire Correctional Institution, type of dispositions and level of disposition, sample responses From each level, remedies granted and evidence of compliance with the time limits at each level of decision.

8

31- Please provide any and all copies of physical evidence, written statement, documents, memo, letters, photographs, laboratory test presented against plaintiff in any and every disciplinary hearing held from June 15, 1998 to the date of your response.

32- Please provide any and all copies of statistical information regarding weekly disciplinary summary prepared by the Research and Information System Unit at Cheshire Correctional Institution from June 15, 1998 to the date of your response.

33- Please provide any and all copies of monthly Disciplinary Summary submitted to appropriate Complex Warden and or District Administrator from January 1, 1999 to the date of your response.

34- Please provide any and all copies reflecting treatment provided to plaintiff for his physical injuries and his sore, swollen and bleeding gums from period of June 15, 1998 to the date of your response.

35- Please provide any and all copies of letters, notes, documents, memoranda, files, logs, grievance report concerning complaint made by the plaintiff and prisoners at Cheshire prison against anyone of the defendants regarding denial of medical and dental care.

36- Please provide any expert reports relating to the defense raised by the defendants to plaintiff complaint.

37- Please provide a copy of the Diagnostic Radiologic Report of X-Ray # 4730 taken of plaintiff on June 23, 1997.

By the Plaintiff

Leo Felix Charles
# 193138

10

Certification

This is to certify that a copy of the foregoing was mailed, postage, prepaid on this 19th day of Febuary 2004 to:

Matthew B. Beizer
Assistant Attorney General
110 Sherman Street
Hartford, Ct 06105


Leo Felix Charles
#193138
Northern Correctional Inst.
287 Bilton Road
P.O. Box 665
Somers, Ct 06871