EXHIBIT 1

United States District Court
District of Connecticut

Leo Felix Charles          Civ No 3:02cv1341(GLG)(WIG)
    Plaintiff           ;

        v
Jack Maleh et al           Febuary 19, 2004

        Plaintiff Request for Production

The plaintiff Leo Felix Charles, pursuant to Rule 34 Fed. R. Civ. P., hereby requests that the defendants provide plaintiff with copies of the documents described in the following request for production, or afford plaintiff the opportunity or, where requested sufficient written authorization to inspect, copy, photograph or otherwise reproduce said documents. The production of such documents, copies and written authorizations shall take place at the facility of plaintiff on the thirtieth day following the date above written.

1- Please provide any and all copies of Department of Correction prison medical

Center admission policies and procedures.

2 - Please provide any and all copies relating to Department of Correction prison medical Center release policies and procedures.

3 - Please provide any and all copies relating to prison medical center staff training and education including all the defendants.

4 - Please provide any and all copies related to any complaints, grievances, criticism, censure, reprimand or rebuke directed toward defendants Mingzer, Maleh, Cooper, Husband, Shivy, Maylor, Young and Rodriguez.

5 - Please provide any and all copies, notes, letters, memoranda, files, records, record books, logs, grievance reports or written communication concerning complaints made against all the defendants.

6 - Please provide any and all copies of policies, directive or instruction to staff and the defendants governing sick call procedures.

7- Please provide any and all sick call slip Filed by the plaintiff requesting medical and dental care From period of May 24, 1997 to the date of your response.

8- Please provide any and all copies of grievances including grievances appeal Filed by the plaintiff requesting medical and dental care From period of May 24, 1997 to the date of your response.

9- Please provide any and all copies of logs or other documents reflecting medical grievances Filed by prisoners at Cheshire Correctional Institution from June 15, 1998 to June 23, 2002.

10- Please provide any and all copies of documents created by Cheshire Correctional Staff member, medical staff member and all the defendants in response to grievances Filed by the plaintiff concerning his medical and dental care From period of June 15, 1998 to the date of your response.

11 - Please provide any and all copies of complaints or other documents received by the defendants or their agents concerning medical and dental treatment of prisoners and any memoranda, investigative files created in response to such document or complaint since June 1998 to the date of your response.

12 - Please provide any and all copies reflecting disciplinary, suspension or sanction for which any one of the defendants has been previously reprimanded.

13 - Please provide any and all copies of law suits filed by prisoners at Cheshire Correctional Institution concerning denial of medical and dental care in which any one of the defendants in this action were identified as the responsible employee.

14 - Please provide any and all copies of all medical, psychological or other reports or documents relating to plaintiff physical injury.

4

15- Please provide any and all copies with the names and addresses of all physicians or other prism medical center staff who provided treatment to the plaintiff for the injuries he allege to have suffered or received.

16- Please provide any and all copies with the names and addresses of all physicians who provided treatment to plaintiff for his sore, swollen and bleeding gums during his incarceration at Cheshire Correctional Institution.

17- Please provide any and all copies of the plaintiff advocate investigation report CN 9509 from period of June 15, 1998 to the date of your response.

18. Please provide any and all copies of Disciplinary Investigator Report signed by the plaintiff from June 15, 1998 to the date of your response.

19- Please provide any and all copies of investigating reports brought to plaintiff hearing from June 15, 1998 to the date of your response.

20- Please provide any and all written investigative report presented against plaintiff to the Hearing officer presiding over plaintiff disciplinary hearing From June 15, 1998 to the date of your response.

21- Please provide any and all copies of Written Disciplinary Process Summary Form CN 9504 on cases decided against plaintiff Since June 15, 1998 to the date of your response.

22- Please provide any and all copies of written decisions, memo, letters, Files regarding plaintiff Classification levels and housing status From May 1, 2000 to the date of your response.

23- Please provide any and all copies of written decisions, memo, letters, Files, notice of Classification review, housing status, reclassification and transfer to new Housing (meaning another prison) From May 1, 2000 to the date of your response.

24- Please provide any and all copies of written decisions, memo, letters, Files,

6

concerning the plaintiff placement in Close Custody for Chronic Discipline From May 1, 2000 to the date of your response.

25- Please provide any and all copies of written decisions, memo, Files, letters concerning the plaintiff Removal From the Close Custody For Chronic Discipline and transfer out of the Unit.

26- Please provide any and all copies of written decisions, memo, letters, Files, physical evidence, written statement and all information relied on For placing plaintiff in Protective Custody.

27- Please provide any and all copies of written decisions, memo, letters, Files, concerning plaintiff Protective Custody Placement and Removal Recommendation Notice Filed out by Department of Correction oFFicials From June 15, 1998 to the date of your response.

28- Please provide any and all copies of written decisions, memo, letters or request made by Department of Correction officials for Removal of Plaintiff from Protective Custody.

29- Please provide any and all copies of Protective Custody Placement Review Notice and all Removal Recommendation Notice filed out by staff and all written decisions regarding plaintiff Placement in Protective Custody and Removal from Protective Custody and Reinstatement to Protective Custody.

30- Please provide any and all copies of each annual report from May 1998 to the date of your response presented to the Department of Correction Commissioner defendant John J. Armstrong regarding the number and type of grievances filed by prisoners at Cheshire Correctional Institution, type of dispositions and level of disposition, sample responses from each level, remedies granted and evidence of compliance with the time limits at each level of decision.

31- Please provide any and all copies of physical evidence, written statement, documents, memo, Letters, photographs, laboratory test presented against plaintiff in any and every disciplinary hearing held from June 15, 1998 to the date of your response.

32- Please provide any and all copies of statistical information regarding weekly disciplinary summary prepared by the Research and Information System Unit at Cheshire Correctional Institution from June 15, 1998 to the date of your response.

33- Please provice any and all copies of monthly Disciplinary summary submitted to appropriate Complex Warden and or District Administrator from January 1, 1999 to the date of your response.

34- Please provide any and all copies reflecting treatment provided to plaintiff for his physical injuries and his sore, swollen and bleeding gums from period of June 15, 1998 to the date of your response.

9

35- Please provide any and all copies of letters, notes, documents, memoranda, files, logs, grievance report concerning complaint made by the plaintiff and prisoners at Cheshire prison against anyone of the defendants regarding denial of medical and dental care.

36- Please provide any expert reports relating to the defense raised by the defendants to plaintiff complaint.

37- Please provide a copy of the Diagnostic Radiologic Report of X-Ray # 9730 tooken of plaintiff on June 23, 1997.

By the Plaintiff

Leo Felix Charles
# 193138

Certification

This is to Certify that a copy of the foregoing was mailed, postage, prepaid on this 19th day of February 2004 to:

Matthew B. Beizer
Assistant Attorney General
110 Sherman Street
Hartford, Ct 06105

Leo Felix Charles
#193138
Northern Correctional Inst.
287 Bilton Road
P.O. Box 665
Somers, Ct 06071

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

LEO FELIX CHARLES                         :          PRISONER
                                                       CIVIL NO. 3:02CV1341 (GLG)(WIG)

    v.                                            :

JACK MALEH, ET AL.                        :          JUNE 14, 2004

**DEFENDANTS' RESPONSE TO**
**PLAINTIFF'S REQUEST FOR PRODUCTION**

1.    Objection. Request is vague and ambiguous.

2.    Objection. Request is vague and ambiguous.

3.    The training of correctional managed staff is undertaken by Correctional Managed Health Care.

4.    Objection. Request is vague and ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.

5.    Objection. Request is vague and ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.

6.    Objection. Request is vague and ambiguous.

7.    The plaintiff's sick call requests from May, 1997 to the present are contained in plaintiff's medical file, to which the plaintiff has greater access than the undersigned defendants.

8.    The plaintiff's grievances filed from May, 1997 to the present, and all responses from correctional staff, are contained in the plaintiff's master file, to which the plaintiff has greater access than the undersigned.

9. Objection. Request is vague and overbroad and intrudes on other inmates' privacy interests and may impact on institutional security.

10. The plaintiff's grievances filed from May, 1997 to the present, and all responses from correctional staff, are contained in the plaintiff's master file, to which the plaintiff has greater access than the undersigned.

11. Objection. Request is vague and overbroad and intrudes on other inmates' privacy interests and may impact on institutional security.

12. Objection. Request is vague and ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.

13. Objection. Request is vague and overbroad and intrudes on other inmates' privacy interests and may impact on institutional security.

14. All of these records are contained in the plaintiff's medical file, to which the plaintiff has greater access than the undersigned.

15. All of these records are contained in the plaintiff's medical file, to which the plaintiff has greater access than the undersigned.

16. All of these records are contained in the plaintiff's medical file, to which the plaintiff has greater access than the undersigned.

17. These documents are maintained in the plaintiff's master file, to which the plaintiff has greater access than the undersigned.

18. These documents are maintained in the plaintiff's master file, to which the plaintiff has greater access than the undersigned.

19.     These documents are maintained in the plaintiff's master file, to which the plaintiff has greater access than the undersigned.

20.     These documents are maintained in the plaintiff's master file, to which the plaintiff has greater access than the undersigned.

21.     These documents are maintained in the plaintiff's master file, to which the plaintiff has greater access than the undersigned.

22.     These documents are maintained in the plaintiff's master file, to which the plaintiff has greater access than the undersigned.

23.     Objection.   Request is vague and overbroad and intrudes on other inmates' privacy interests and may impact on institutional security.

24.     These documents are maintained in the plaintiff's master file, to which the plaintiff has greater access than the undersigned.

25.     These documents are maintained in the plaintiff's master file, to which the plaintiff has greater access than the undersigned.

26.     These documents are maintained in the plaintiff's master file, to which the plaintiff has greater access than the undersigned.

27.     These documents are maintained in the plaintiff's master file, to which the plaintiff has greater access than the undersigned.

28.     These documents are maintained in the plaintiff's master file, to which the plaintiff has greater access than the undersigned.

29.     These documents are maintained in the plaintiff's master file, to which the plaintiff has greater access than the undersigned.

30. Objection. Request is vague and overbroad and intrudes on other inmates' privacy interests and may impact on institutional security.

31. These documents are maintained in the plaintiff's master file, to which the plaintiff has greater access than the undersigned.

32. Objection. Request is vague and overbroad and intrudes on other inmates' privacy interests and may impact on institutional security.

33. Objection. Request is vague and overbroad and intrudes on other inmates' privacy interests and may impact on institutional security.

34. All of these records are contained in the plaintiff's medical file, to which the plaintiff has greater access than the undersigned.

35. Objection. Request is vague and overbroad and intrudes on other inmates' privacy interests and may impact on institutional security.

36. The defendants will disclose their expert(s) in accordance with the procedure set forth in the Federal Rules of Civil Procedure.

37. Plaintiff has attached a copy of the Health Consultation from June 23, 1997 which reflects the diagnostic findings. On information and belief, there is not a separate document evidencing these diagnostic findings.

DEFENDANTS
Jack Maleh, et al.

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY:

Matthew B. Beizer
Assistant Attorney General
110 Sherman Street
Hartford, CT  06105
Federal Bar #ct16304
E-Mail:  matthew.beizer@po.state.ct.us
Tel.: (860) 808-5450
Fax: (860) 808-5591

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following on this 14th day

of June, 2004:

Leo Felix Charles # 193138
Cheshire Correctional Institution
900 Highland Avenue
Cheshire,  CT  06410

Matthew B. Beizer
Assistant Attorney General

5

United States District Court
District of Connecticut

Leo Felix Charles        Civil No 3:02CV 1341 (GLG)(WIG)

V

Jack Malch, Et Al        May 12, 2004

DEFENDANTS' RESPONSE TO

Plaintiff First Set Request For Admission

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, the plaintiff requests all of the defendants to respond individually and separately within 30 days after the receipt of this request, to make the following admission for the purpose of this action only and subject to all pertinent objections to admissibility which may be interposed at trial.

1 — Admit that the attached Department of Correction Health Consultation Form #9730 dated June 23, 1997 is not the Diagnostic Radiologic Report of the plaintiff shoulder X-Ray taken on June 23, 1997

ANSWER:        See attached.

2- Admit that the attached X-Ray Diagnostic Radiologic Report request NO: 0022 6609 taken on June 4, 1998 which concluded that the plaintiff Was suffering From egg-shaped calcification over the right scapula due to an exastosis vs Lymph node Calcification vs calcified soft tissue is a true and accurate copy of the original on File.

Answer:    See attached.


3- Admit that on October 8, 1998 the plaintiff was examined by defendant Maleh concerning severe shoulder pain and defendant Maleh concluded and sign on plaintiff clinical record that X-Ray of his shoulder is negative (Not injured)

Answer:    See attached.


4- Admit that the attached X-Ray Diagnostic Radiologic Report request NO: 0026 1528 Which concluded that the plaintiff was suffering From probable calcified node, right axilla is a true and accurate copy on File.

Answer:    See attached.

2

5- Admit that defendants Minzer and Maleh know through X-Ray and Diagnostic Radiologic Report that plaintiff was suffering from significant injuries in his right shoulder and blatantly sign on plaintiff clinical record that X-Ray of his shoulder is negative (not injured)

Answer:    See attached.

6- Admit that on June 9, 1999 the plaintiff was examined by another Doctor at Cheshire Correctional Institution regarding severe shoulder pain and that the Doctor concluded and sign on plaintiff Clinical record to have surgery.

Answer:    See attached.

7- Admit that the plaintiff discussed surgery with defendants Minzer and Maleh on several occasions and that those defendants denied his request for surgery on his right shoulder and sign on his clinical record that X-Ray of his shoulder is negative (not injured)

Answer:    See attached.

3

8- Admit that the attached X-Ray Diagnostic Radiologic Report request No: 00 330 955 which concluded that the plaintiff was suffering from very mild degenerative changes of the A.C. Joint. Flattening of the lateral aspect of the humeral head, Suggesting a Hill-Sachs deformity from previous dislocation is a true and accurate copy on file.

Answer:    See attached.

9 - Admit that it is the routine and established practice for defendants Mingzer and Maleh, as physician employed by the Department of Correction to write on clinical record the plaintiff diagnosis, the treatment provided and directions for administering medicine.

Answer :    See attached.

10- Admit that defendants Mingzer and Maleh reviewed the Diagnostic Radiologic Reports in item #2, 4, and 8 and saw that the plaintiff was suffering from significant injury and took no action to provided him surgery.

Answer:    See attached.

4

11 - Admit there is an informal Department of Correction policy giving low priority to serious medical and dental need of prisoners.
Answer:          See attached.


12 - Admit that the Failure to provide the plaintiff with Surgery to correct his painful right shoulder and his sore, swollen and bleeding gums resulted From the application of the informal policy stated in item # 11 of this request.
Answer:          See attached.


13 - Admit that defendants Mingzer, Maleh, Shivy, Young, Cooper, Rodriguez and Armstrong know of this policy stated in item 11 and acquiesced in its application to the plaintiff.
Answer          See attached.


14 - Admit that defendants Mingzer and Maleh supplied False information to plaintiff and entering several incorrect

5

and False medical information on plaintiff
clinical record regarding X-Ray tooken of
his shoulder.

Answer:    See attached.


15_ Admit that the plaintiff wrote letters
to defendants Cooper, Rodriguez and Armstrong
demanding treatment for his shoulder conditions
and his sore, swollen and bleeding gums and as
to this date of this request plaintiff has not
been provided with any treatment.

Answer:    See attached.


16_ Admit that the Department of
Correction guide line treatment policy denied
the plaintiff access to adequate medical
care for his painful shoulder conditions and
his sore, swollen and bleeding gums.

Answer:    See attached.


17_ Admit that the plaintiff filed a
Medical Habeas Corpus in New Haven Superior

6

Court to obtain treatment for his shoulder injury, Hepatitis, Enlargement of Heart, H-Pylori and several other illnes, and has not received any treatment as of the date of this request.

Answer:     See attached.


18- Admit that a Trial was conducted on the Medical Habeas Corpus on June 6, 2002 in New Haven Superior Court and defendants Minzer, Maleh, Cooper, Rodriguez and Armstrong failed to appear in court for trial and was defaulted by the Court Richard A. Robinson, J.

Answer:     See attached.


19- Admit that the plaintiff Filed several grievances and grievances appeal, letters and requests demanding treatment for his sore, swollen and bleeding gums and was denied treatment.

Answer:     See attached.


20- Admit that defendants Shivy

7

Young, Maleh, Mingzer, Cooper, Rodriguez and
Armstrong did not provide the plaintiff with
medical treatment for his shoulder injury,
his sore, swollen and bleeding gums.

Answer :          See attached.


21- Admit that the plaintiff filed
a medical dental Habeas Corpus to obtain
treatment for his sore, swollen and bleeding
gum and has not received any as of the date
of this request.

Answer:          See attached.


22- Admit that there is an informal
policy by the Department of Correction where
Black African American and people with
African descent and other minorities races
are not properly provided medical and
dental treatment, unless their lives
are at risk.

Answer :          See attached.


8

23- Admit that the plaintiff dental treat-
ment for his sore, swollen and bleeding gums
was delayed and denied cause the lack of set-up
medical equipment at Cheshire prison.
Answer:                    See attached.


24 - Admit that defendants Shivy, Young,
Maleh, Mingzer, Cooper, Rodriguez and Armstrong
Know of the policy stated in item # 22 and
acquiesced in its application to the plaintiff.
Answer                    See attached.


25- Admit that Defendants Rodriguez,
Armstrong, Mingzer, Maleh, Shivy and Young
Know of the Department of Correction guide line
policy stated in item # 16 and acquiesced
in its application to the plaintiff
Answer :                    See attached.



Respectfully submitted
Leo Felix Charles
Pro se plaintiff

9

Certification

I hereby certify that a copy of the
Foregoing motion for Admission was
mailed to the following on this 12th day
of May 2004 to:

Matthew B. Biezer
Assistant Attorney General
110 Sherman Street
Hartford, Ct 06105


By

Leo Felix Charles
Cheshire Correctional Inst.
900 Highland Avenue
Cheshire, Ct 06410

10

HR201 REV. 6/94
CONNECTICUT DEPARTMENT OF CORRECTION

## HEALTH CONSULTATION

| INMATE NUMBER | DATE OF BIRTH |
|---|---|
| 193138 | 8-16-54 |

INMATE NAME (LAST, FIRST, (INITIAL)    CHARLES LEO

| CONSULTANT SPECIALTY | DATE | SEX | RACE/ETHNIC | FACILITY |
|---|---|---|---|---|
| X·Ray   9730 | 6-23-97 | M  F | B  W  H  O | BPTCCC |

**RELEVANT CLINICAL DATA/HISTORY/PREVIOUS WORK-UP:**
☐ FOR OUTSIDE CONSULTATION SEE ATTACHED UTILIZATION REVIEW REQUEST FORM

RT SHOULDER
INJ X 2 WKS. → NOW c̄ c/o PAIN. LAT SHOULDER
ON MOVEMENT + WHILE LYING DOWN

---

DOC PRACTITIONER SIGNATURE/TITLE:                                    DATE

---

**CONSULTANT'S REPORT/FINDINGS/RECOMMENDATIONS  (PLEASE NOTE: DIAGNOSTIC OR THERAPEUTIC PROCEDURES NEED PRIOR APPROVAL BY THE DOC UTILIZATION MANAGEMENT UNIT):**

Neg

RECOMMENDED TREATMENT PLAN:

---

CONSULTANT SIGNATURE                                    DATE

---

TREATMENT PLAN REVIEWED BY ATTENDING DOC PHYSICIAN/DENTIST

☐ APPROVED
☐ ALTERNATIVE PLAN:

RECEIVED
JUL - 2 1997
BRIDGEPORT CCC
BY _____

☐ ADDITIONAL OUTSIDE SERVICES REQUIRE UTILIZATION MANAGEMENT UNIT APPROVAL

---

DOC PRACTITIONER SIGNATURE/TITLE:                                    DATE

Case 3:01-cv-... AWT    Document 44-2    Filed 08/06/2004    Page 28 of 33    *REQUEST COPY*

John Dempsey Hosp.
University of Connec... Health Center
Department of Radiology
(860) 679 2784
Department of Nuclear Medicine
(860) 679-3120

NAME: CHARLES, LEO                    PAT ID: T90193138   DOB: 08/16/54
DOS:  06/04/98   REQ NO: 00226609     REFERRED BY: HELLER, STEVEN,
READ: 06/04/98   TYPED: 06/05/98 15:01   TYPED BY: DD    LOCATION: PR15
RADIOLOGIST: HENKEN, E MARVIN         RESIDENT:   SHAIKHLY, HADEER

### DIAGNOSTIC RADIOLOGIC REPORT

CHEST (PA & Lateral Views)

CLINICAL HISTORY:
Initial process.

The heart size is top normal.  The lungs and pleura are normal.
There is an egg-shaped calcification over the right scapula due to
an exostosis vs. lymph node calcification vs. calcified soft
tissue.

CONCLUSION:
1.  Normal heart and lungs.

2.  Calcification over the right scapula as above.

This study has been interpreted with E. Marvin Henken, M.D.

code:knx
**********

APPROVED BY HENKEN, E MARVIN, M. D.

PAGE 1

kOS



John Dempsey Hospital
University of Connecticut Health Center
Department of Radiology
(860) 679 2784
Department of Nuclear Medicine
(860) 679-3120

NAME: CHARLES, LEO                    PAT ID: T90193138   DOB: 08/16/54
DOS:  12/07/98  REQ NO: 00261528      REFERRED BY: TUNG, MINGZER, M
READ: 12/08/98  TYPED: 12/08/98 12:02 TYPED BY: 897   LOCATION: PR4
RADIOLOGIST: HENKEN, E MARVIN         RESIDENT:

### DIAGNOSTIC RADIOLOGIC REPORT

CHEST, PA AND LATERAL VIEWS:
PA and lateral views of the chest in this patient with swelling of
the left breast revealed clear lung fields and an average appearing
cardiovascular silhouette.  Mammograms, as requested, could not be
performed. There was a calcification, possibly a calcified node, in
the axilla, superimposed upon the right axilla.

CONCLUSION:
Normal chest (probable calcified node, right axilla).

---
12220
*********

APPROVED BY HENKEN, E MARVIN, M. D.

PAGE 1

John Dempsey Hospital
University of Connecticut Health Center
Department of Radiology
(860) 679-2784
Department of Nuclear Medicine
(860) 679-3120

NAME: CHARLES, LEO                          PAT ID: T90193138   DOB: 08/16/54
DOS:  11/15/99   REQ NO: 00330955           REFERRED BY: PESANTI MD,EDWAR
READ: 11/16/99   TYPED: 11/16/99 12:04      TYPED BY: 900   LOCATION: PR4
RADIOLOGIST: KANE, MARK                     RESIDENT:

## DIAGNOSTIC RADIOLOGIC REPORT

RIGHT SHOULDER, 3 VIEWS
(DATED 11/12/99)

HISTORY:
Pain, history of injury.

FINDINGS:
There is no acute fracture or dislocation.  There are very mild
degenerative changes of the A.C. joint.  There may be some
flattening of the lateral aspect of the humeral head, suggesting a
Hill-Sachs deformity from previous dislocations.

CONCLUSION:
1.  No acute bony abnormality.

2.  ? Hill-Sachs deformity of the lateral humeral head.

3.  Mild degenerative changes of the A.C. joint.

78700
**********

APPROVED BY KANE, MARK, M. D.

PAGE 1

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

LEO FELIX CHARLES        :    PRISONER
                         CIVIL NO. 3:02CV1341 (GLG)(WIG)

      v.                     :

JACK MALEH, ET AL.        :      JUNE 14, 2004

## DEFENDANTS' RESPONSE TO
## PLAINTIFF'S FIRST SET REQUEST FOR ADMISSION

1. The content of the attached Report is admitted. Objection to the remainder of the plaintiff's request as it is vague and ambiguous.

2. The content of the attached Report is admitted. Objection to the remainder of the plaintiff's request as it is vague and ambiguous.

3. All of Dr. Maleh's notations pertaining to his treatment of the plaintiff are admitted.

4. The content of the attached Report is admitted. Objection to the remainder of the plaintiff's request as it is vague and ambiguous.

5. Denied.

6. All notations by correctional medical staff in the plaintiff's medical file pertaining to treatment of the plaintiff are admitted.

7. It is admitted that surgery was not indicated for the plaintiff's shoulder condition.

8. The content of the attached Report is admitted. Objection to the remainder of the plaintiff's request as it is vague and ambiguous.

9. It is admitted that DOC physicians regularly make notations in inmate's medical files detailing diagnosis and treatment.

10. Denied.

11.    Denied.

12.    Denied.

13.    Denied.

14.    Denied.

15.    Denied.

16.    Denied.

17.    Denied.

18.    Denied.

19.    Denied.

20.    Denied.

21.    Denied.

22.    Denied.

23.    Denied.

24.    Denied.

25.    Denied.

DEFENDANTS
Jack Maleh, et al.

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: _____

Matthew B. Beizer
Assistant Attorney General
110 Sherman Street
Hartford, CT  06105
Federal Bar #ct16304
E-Mail:  matthew.beizer@po.state.ct.us
Tel.: (860) 808-5450
Fax: (860) 808-5591

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following on this 14th day

of June, 2004:

Leo Felix Charles # 193138
Cheshire Correctional Institution
900 Highland Avenue
Cheshire, CT 06410

_____
Matthew B. Beizer
Assistant Attorney General

3