EXHIBIT
3

United States District Court
District of Connecticut

Leo Felix Charles        Civ No 3:02 CV 1341 (G-LG) (W.I.G.)
Plaintiff

v

Jack Maleh et Al        Febuary 19, 2004

DEFENDANTS' RESPONSES TO

Plaintiff First set Request For
Interrogatories And Production

The plaintiff Leo Felix Charles, pursuant
to Rule 33 Fed. R. Civ. P., hereby propounds
the Following interrogatories to be answered
separately by each defendant under oath
and request For production within thirty (30)
days of the filing hereof in sofar as the dis-
closure sought will be of assistance in the pre-
paration of this action and can be provided
by the defendants with substantially greater
facility than could otherwise obtained. The
interrogatories shall deemed continuing, so
as to require supplemental answer if further
information is obtained between the time
the answer are served and the time of trial

Please see attached pages of requests.

See attached.

1- Do the Department of Correction prison medical center have any policy and procedures on admitted prisoners, insofar as they pertain to providing medical and dental care. IF your answer is yes or no, please specify and summarize each and every Facts upon which you base your allegation and the records upon which you believe will supports your allegation?

Answer:

2- Was plaintiff seen by any department of correction prison medical center staff about any injury upon admission and after admitted. If seen or not seen, please specify and summarize each and every facts upon which you base your allegation and the records upon which you believe your allegation may be ascertained?

2

Answer :

3. Was plaintiff received any type of medication from any department of correction prison medical center staff after admitted on May 24, 1997 to June 23, 2002 for any physical injuries or dental injuries. If your answer is yes or no. Please specify and summarize each and every facts upon which you base your allegation and the documents upon which you believe your allegation may be derived ?

Answer:

3

4- When X-Ray tooken of plaintiff on June 23, 1997. Did the Diagnostic Radiologic Report revealed any malFunction, dislocation, deformity or any injuries at all on plaintiff. IF your answer is yes or no. Please specify and summarize each and every facts upon which you base your allegation and the records upon Which you believe will supports your allegation?

Answer:

5- Is it or isn't true that X-Ray tooken of plaintiff on June 4, 1998 shows any physical injury on plaintiff. IF your answer is yes or no. Please specify and summarize each and every facts upon which you base your allegation and the records upon which you believe will supports you allegation?

Answer:

4

6. When X-Ray tooken g plaintiff on December 7, 1998 Is it or isn't true that the Diagnostic Radiologic Report shows any physical injury on plaintiff. IF your answer is yes or no. Please specify and summarize each and every facts you base your allegation and the records upon which you believe your allegation may be derived or ascertained?

Answer:

7. Is it or isn't true that X-Ray tooken g plaintiff on November 15, 1999 Shows no physical injury on plaintiff IF your answer is yes or no, Please

5

specify and summarize each and every facts upon which you base your allegation and the documents upon which you believe will supports your allegation?

Answer:

8- Please provide the names, titles, and duties of all medical staff members at Cheshire Correctional and the defendants who have responsibility for responding to, investigating or deciding prisoners medical grievances including grievances appeal?

Answer:

6

9 - Please provide the names, titles and duties of the defendants or the staff members or the person(s) responsible For providing medical treatment for serious physical injuries and dental treatment For Periodontal disease and/or sore, swollen and bleeding gums to prisoners incarcerated at Cheshire Correctional Institution. If those duties are set Forth in any Job description, policy, directive or other documents. Please specify and summarize each and every Facts upon which you base your allegation and the documents, policy or directive upon which you believe your allegation may be ascertained?

Answer:

10- State the names, titles and duties of the defendants or the staff members or the person(s) at Cheshire Correctional Institution who have responsibility for ensuring that prisoners request for medical and dental attention are responded to. If those duties are set forth in any job description, policy, manual, directive or other documents, please specify each and every facts upon which you base your allegation and the records upon which you believe will supports your allegation

Answer:

11- State the procedure in effect during June 15, 1998 to June 23, 2002 at Cheshire Correction al Institution for responding to, investigating and deciding inmates grie-

8

grievances. IF the procedure For handling grievances based on medical complaint is different From the procedure For handling other Kind of grievances, state both procedures. IF those procedures are set Forth in any policy, directive, manual or other documents, please specify, and summarize each and every Facts upon which you base your allegation and the records upon which you believe will supports your allegation?

ANSWer:

12- From May 24, 1997 to June 23, 2002 did defendants Mingzer and Maleh written down and sign up on plaintiff clinical records the Findings of all Diagnostic Radio-

9

logic Report of X-Ray tooken by plaintiff.
If your answer is yes or no, please specify and
Summarize each and every facts upon which you
base your allegation and the records upon which
you believe your allegation may be derived or
ascertained ?

Answer:

13. Is it or isn't true that defendants
Mingzer, Maleh, Cooper, Rodriguer and
Armstrong know that plaintiff suffered
from painful shoulder injurey and re-
quested surgery as the viable course of
treatment to eliminate his daily pain
and suffering and was denied treatment.

10

IF you answer is yes or no, please specify and summarize each and every facts upon which you base your allegation, and the records upon which you believe will supports your allegation?

Answer:

14- Is it or isn't true that defendants Shiug, Young, Cooper, Rodriguez and Armstrong know that plaintiff suffered from painful sore, swollen, bleeding gums and was denied treatment cause the lack of set-up medical equipment at Cheshire prison If your answer is yes or no, please spe-

//

City and summarize each and every facts
upon which you base your allegation and
the records upon which you believe will sup
ports your allegation?

   Answer:

   15. Is it or isn't true that plaintiff filed
a Petition of Habeas Corpus in the state
Superior Court to obtain medical treat
ment for injuries described in this action
that the defendants denied him and that
a trial was conducted and defendants
Armstrong, Rodriguez, Maleh, Mingzer
and Cooper failed to appear in court

12

For the trial and was defaulted by the court
Robinson, J. If your answer is yes or no,
please specify each and every facts upon
which you base your allegation and the re-
cords upon which you believe your allegation
may be derived or ascertained.

Answer:

16- Is it or isn't true that plaintiff
suffer from Hepatitis, Heart enlargement,
nerves damages and requested treatment
from defendants Maleh, Cooper, Rodriguez
Armstrong and has not received any
despite several requests and grievances
demanding treatment. If your answer is

13

yes or no, please specify and summarize each and every facts upon which you base your allegation and the records upon which you believe your allegation may be derived or ascertained?

Answer:

17. Please list each and every prisoners by names and numbers at Cheshire Correctional Institution who filed requests, grievances, letters or other documents concerning instances in which they were denied medical and dental treatment.

Answer:

14

18. Is it or isn't true that defendants Shiva, and Young know the guide lines policy of the department of correction do not provide treatment for prisoners with sore, swollen and bleeding gums. IF your answer is yes or no, please specify each and every facts upon which you base your allegation and the records upon which you believe will supports your allegation?

Answer:

19. Please list your Full name, address, date of birth and records relating to your Profession, training and education?

Answer:

15

20— Please list any and all documents related to any complaints, grievances, criticism, censure, suspension, reprimand or rebuke directed toward you prior to or subsequent to the incident giving rise to this proceeding?

Answer:

21— Please list any and all documents relating to prison medical center policies and procedures concerning admittance and treatment of prisoners with HIV, Aids, Periodontal disease, Heart disease, Cancer, Diabetes, Hepatitis, sore, swollen, bleeding

gums, Tuberculosis, any degenerative or Chronic disease, any injury requiring surgery, Cerebral Palsy, Multiple sclerosis?

Answer:

22- State the procedure in effect during June 15, 1995 to the present date at Cheshire Correctional Institution for conducting sick call including the procedures by which inmates sign up for requested sick call. If the procedure is different for Caucasians, Hispanic and Puerto Rican inmates than for African American inmates, and inmates with African descent, state both procedures. If those procedure are set forth in any policy, directive, manual or other

documents. Please specify and summarize each and every facts upon which you base your allegation and the records upon which you believe your allegation may be derived or ascertained?

Answer :

23. Do the plaintiff as a prisoner in the custody of the Department of Correction incarcerated at Cheshire Correctional Institution have the right to be heard in person and to present witnesses and documentary evidence in his defense when prison officials charge him with disciplinary infraction. IF your

18

answer is yes, please indicate why plaintiff
witnesses was not called in any of the disci-
plinary hearings giving rise to this action
conducted and Presided by defendant Maylor?

Answer:

2H- Is it or isn't true that only eyewitness
could be called at disciplinary hearings
when prison officials charge the plaintiff
and prisoners with disciplinary infraction.
If your answer is yes or no, please indicate
why plaintiff witnesses has never been called
on all disciplinary hearing conducted by of-
ficials of the Department of Correction since

19

June 15, 1998 to the present day and specify
and summarize each and every facts upon which
you base your allegation and the record upon
which you believe will supports your allegation?

Answer:

25. Please provide the names and addresses
of the Radiologist that Department of Correction
prison medical center retured X-Ray # 9730
took en of plaintiff on June 23, 1997 and list the
Findings, Conclusion and all information received
From said Radiologist in regard to X-Ray # 9730?

Answer:

20

By the Plaintiff

Leo Felix Charles
Northern Correctional Inst.
287 Bilton Road
P.O. Box 665
Somers, Ct 06071

Certification

This is to certify that a copy of the Foregoing was mailed, postage prepaid on this 19th day of Febuary 2004 to:

Matthew B Beizer
Assistant Attorney General
110 Sherman Street
Hartford Ct 06105

By the Plaintiff
Leo Felix Charles

21

# OATH PAGE

I, _____ hereby certify that I
have reviewed the above interrogatories and
and responses thereto and that they are true
and accurate to the best of my knowledge and
belief.


Defendant


Suscribed and sworn to before me this
day of

22

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

LEO FELIX CHARLES                    :     PRISONER
                                            CIVIL NO. 3:02CV1341 (GLG)(WIG)

v.                                   :

JACK MALEH, ET AL.                   :     JUNE 17, 2004

**DEFENDANTS' RESPONSE TO**
**PLAINTIFF'S FIRST SET REQUEST FOR INTERROGATORIES**

1.    Yes.

2.    Yes.

3.    Yes.

4.    The defendants admit the content of the Diagnostic Radiologic Report of June 23, 1997, which was negative.

5.    The defendants admit the content of the Diagnostic Radiologic Report of June 4, 1998, which basically indicates normal findings with some calcification over the right scapula.

6.    The defendants admit the content of the Diagnostic Radiologic Report dated December 8, 1998, which basically indicates normal findings.

7.    The defendants admit the content of the Diagnostic Radiologic Report dated November 15, 1999, which basically indicates normal findings.

8.    Objection.  Request is vague and overbroad.  The DOC grievance procedure is well documented in the plaintiff's inmate handbook and in DOC Administrative Directive 9.6.

9.    Objection.  Request is vague and overbroad.  Plaintiff's medical file will reflect who had responsibility for his medical and dental care.

10.   Objection. Request is vague and overbroad. Plaintiff's medical file will reflect who had responsibility for his medical and dental care.

11.   The DOC grievance procedure is well documented in the plaintiff's inmate handbook and DOC Administrative Directive 9.6.

12.   Yes, the plaintiff's diagnostic tests were made part of the plaintiff's medical file.

13.   Denied.

14.   Denied.

15.   Objection. Request is not reasonably calculated to lead to the discovery of admissible evidence.

16.   Denied.

17.   Objection. Vague and overbroad and not reasonably calculated to lead to the discovery of admissible evidence.

18.   Denied.

19.   Objection. Vague and ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.

20.   Objection. Vague and ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.

21.   Objection. Request is vague, ambiguous, and overbroad.

22.   The procedures in effect on or about June 15, 1995 for "conducting sick call" did not differ for inmates of different race. Inmates request sick call by making a request to medical or correctional personnel.

23.   Yes, inmates have a right to present witnesses and evidence in prison disciplinary proceedings. The defendants deny that the plaintiff was denied this right.

24.   Generally, only witnesses with first-hand knowledge of the events that are the subject of a prison disciplinary proceeding will be competent witnesses for the hearing.

25.   The name of the Radiologist is not known. His/her findings are documented in the referenced report.


## VERIFICATION

I, Maurice Cooper, hereby certify that I have reviewed the above interrogatories and responses thereto and that they are true and accurate to the best of my knowledge and belief.

_____
Maurice Cooper


Subscribed and sworn to, before me, this _20th_ day of June, 2004.
                                                    JULYth

_____
Notary Public / Commissioner of the Superior Court
TIMOTHY I. HENRY
*NOTARY PUBLIC*
MY COMMISSION EXPIRES FEB. 28, 2008

DEFENDANTS
Jack Maleh, et al.

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: _____
Matthew B. Beizer
Assistant Attorney General
110 Sherman Street
Hartford, CT  06105
Federal Bar #ct16304
E-Mail:  matthew.beizer@po.state.ct.us
Tel.: (860) 808-5450
Fax: (860) 808-5591

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following on this 27th day of July, 2004:

Leo Felix Charles # 193138
Cheshire Correctional Institution
900 Highland Avenue
Cheshire,  CT  06410

_____
Matthew B. Beizer
Assistant Attorney General

4