United States District Court
District of Connecticut
FILED AT BRIDGEPORT
8/6 20 04
Kevin F. Rowe, Clerk
Maria Corriette
Deputy Clerk

United States District Court
District of Connecticut

Leo Felix Charles          Civil No. 3:02CV1341(AWT)(WIG)
     v
Jack Maleh, Et Al          July 30, 2004

## Memorandum Of Law In Support Of The Plaintiff Motion For The Appointment Of Counsel

### Statement of the Case

This is a civil rights case filed under 42 U.S.C 1983 by a state prisoner and asserting claims for the unconstitutional denial of medical and dental treatment, denial of due process at disciplinary hearing, discrimination, conspiracy, denial of telephone access, involuntarily medicated with psychotic drugs, wrongful placement in Mental prison Unit Block. The plaintiff seeks damages as to all claims and an injunction to ensure proper medical treatment.

Statement of Facts.

The plaintiff complaint alleges that he was denied medical and dental treatment. He was examined by the defendants and they did not provided him with any treatment for his injuries after examination. They retaliate against him for writing complaint demanding treatment for his injuries. The plaintiff was subsequently medicated with psychotic medication without his consent and placed in a Mental prison Unit Block. The plaintiff was convicted at separate disciplinary hearing. The hearing officer denied the plaintiff request to call as witnesses staff members who have first hand knowledge of the incident. He convicted the plaintiff of charges despite the complete lack of evidence. The hearing officer wrote a desposition of the charges that said only guilty as Charged based on staff statements with no further explanation. The defendants Warden did not respond to plaintiff disciplinary Appeal.

2

# Argument

## The Court should Appoint Counsel For The Plaintiff

In deciding whether to appoint counsel for an indigent litigant, the court should consider "the Factual complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, the ability of the indigent to present his claims and the complexity of the legal issues" Abdullah v. Gunter 949 F.2d 1032, 1035 (8th Cir 1991) (citation omitted) cert. denied 112 S. Ct. 1995 (1992). In addition courts have suggested that the most important factor is whether the case appears to have merit. Cooper v. Sargenti Co, Inc. 877 F.2d 170, 173 (2d Cir 1989) Each of those factors weighs in favor of appointment counsel in this case.

   1. Factual Complexity. The plaintiff alleges that the defendants denied him medical and dental treatment for

3

for injuries sustained while incarcerated. He also asserts that certain prison supervisors were on notice of the denial of medical and dental treatment and did nothing about it. Instead the defendants medicated him with psychotic drugs without his consent and placed him in a Mental Prison Unit Block without a hearing. Plaintiff claims retaliation, conspiracy, discrimination, malpractice, and denial of telephone access. Finally he claims denial of due process by a disciplinary hearing officer and a Warden. The sheer number of claims and defendants makes this a factually complex case.

The plaintiff claims of denial of medical and dental care will probably be necessary to present a medical expert witness or to cross-examine medical witnesses called by the defendants, or both. The presence of medical and other issues requiring expert testimony supports the appointment of counsel. Moore v. Mabus, 976 F.2d 268, 272 (5th Cir 1992); Jackson v. County of Mc.Lean, 953 F.2d 1070, 1073 (7th Cir 1992); Tucker v. Randall, 948 F.2d 388, 392 (7th Cir 1991)

4

2. The plaintiff ability to investigate.

The plaintiff is locked up in Protective Custody. There is no law library in the Protective Custody Unit. The plaintiff legal court materials is confiscated by Department of Correction staff and refused to return it to plaintiff despite urgent request. Plaintiff has no ability to investigate the facts. For example, he is unable to interview inmates who have knowledge of some of his claims in the pending civil rights action. He is in the same position as an inmate who has been transferred to a different institution, a factor that several court have cited in appointing counsel. Tucker V. Randall, 948 F. 2d 388, 391-92 (7th Cir 1991); Gaston V. Coughlin, 679 F. Supp. 270, 273 (W.D.NY 1988) Armstrong V. Snyder, 103 F.R.D. 96, 105 (E.D. Wiss 1984). In addition this case will require considerable discovery concerning the identities of witnesses, the history of the defendants with prior records of denial of medical and dental to prisoners and the plaintiff medical history (See Tucker V. Randall Dickey, 613 F. Supp. 1124, 1133-34 (W.D. Wiss 1985)

5

3. Conflicting testimony. The plaintiff account of his denial of medical and dental care is squarely in conflict with the defendants statement raised in their defense. This aspect of the case will be a credibility contest between the plaintiff and the defendants. The existence of these credibility issues supports the appointment of counsel. Gaston v. Coughlin, 679 F. Supp. 270, 273 (W.D.N.Y 1988)

4. The ability of the indigent to present his claim.

The plaintiff is an indigent prisoner with no legal training, a factor that supports the appointment of counsel. Whisenant v. Yuam 739 F. 2d 160, 163 (4th Cir 1984). In addition he is confined in Protective Custody with no law library and has no access to legal materials. Rayes v. Johnson, 969 F. 2d 700, 703-04 (8th Cir 1992)(citing lack of ready access to a law library as a factor supporting appointment of counsel)

5. Legal Complexity. The large number of defendants, some of whom are supervisors

6

officials, presents complex legal issues of determining which defendants were sufficiently personally in the constitutional violation to be held liable. In addition the plaintiff asked for a jury trial, which requires much greater legal skill than the plaintiff has or can develop. See Abdullah v. Gunter, 949 F.2d 1032, 1036 (8th Cir 1991)(citing jury demand as a factor supporting appointment of counsel), cert. denied 112 S. Ct. 1995 (1992)

6. Merit of the Case.

The plaintiff allegations, if proved would establish a constitutional violation. The allegation of denial of medical care amount to intentionally refused to provide treatment which the Supreme Court has specifically cited as an example of unconstitutional deliberate indifference to prisoners medical needs. Estelle v. Gamble, 429. U.S. 97, 105, 97 S. Ct. 285 (1976). The unjustified denial of witnesses, conviction of a disciplinary offense with no supporting evidence, and the failure to give a meaningful statement of reasons

7

for the decision are all plain violations of due Process. Ponte v. Real, 471 U.S. 491, 497, 105 S.Ct. 2192 (1985); Superintendent v. Hill, 472 U.S. 445, 457, 105 S.Ct. 2768 (1985); Dyson v. Kocik, 689 F.2d 466, 467-68 (3d Cir 1982) On its face, then, this is a meritorious case.

## Conclusion

For the foregoing reasons, the Court should grant the plaintiff's motion and appoint counsel in this case.

By
Leo Felix Charles
900 Highland Avenue
Cheshire, Ct 06410

8

Certification

I hereby certify that a copy of the foregoing was mailed to the following on this 30th day of July 2004 to:

Matthew B. Biezer
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105

By

Leo Felix Charles
900 Highland Avenue
Cheshire, CT 06410

9