LEXSEE 2000 U.S. DIST. LEXIS 15836

**TIMOTHY LOUIS TAYLOR, Plaintiff, v. BILL MARTIN et al., Defendants.**

**Case No. 1:00-cv-724**

**UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION**

**2000 U.S. Dist. LEXIS 15836**

**October 26, 2000, Decided**
**October 26, 2000, Filed**

**DISPOSITION:** [*1] Defendants Bill Martin, Mary Berghuis, M. Brevard, and Michael Whalen DISMISSED.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** The court reviewed plaintiff prisoner's complaint, brought under 42 U.S.C.S. § 1983, for compliance with the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996).

**OVERVIEW:** Plaintiff prisoner brought a pro se civil rights action against several named and unnamed defendants, alleging that he was improperly denied an eye drop medication for glaucoma. Plaintiff had filed several prison grievances before bringing the action. The court dismissed the complaint against the named defendants for failure to state a claim. Although plaintiff's allegations were sufficient to state a claim under U.S. Const. amend. VIII, plaintiff failed to name any individuals against whom his claim could be served. Plaintiff named defendant corrections department director, but failed to make any specific allegations against him. Plaintiff's claims against defendants warden and unit manager for improperly denying his grievance were not of a constitutional dimension. Defendant grievance coordinator's alleged failure to provide plaintiff with an appeal form so he could file a timely appeal likewise did not state a claim of constitutional dimension. Plaintiff failed to provide a name of any person who was part of the medical staff. The court allowed plaintiff 30 days to amend his complaint to name a proper defendant.

**OUTCOME:** Plaintiff's complaint against named defendants was dismissed for failure to state a claim against those defendants. Plaintiff was allowed 30 days to amend his complaint to name a member of the prison medical staff as a proper defendant.

**LexisNexis(R) Headnotes**

*Constitutional Law > Civil Rights Enforcement > Prisoners > Prison Litigation Reform Act*
[HN1] Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), the court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 42 U.S.C.S. § 1997e(c); 28 U.S.C.S. § § 1915(e)(2), 1915A.

*Civil Procedure > Pleading & Practice > Pleadings > Interpretation*
*Civil Procedure > Joinder of Claims & Parties > Self-Representing Parties*
[HN2] The court must read a plaintiff's pro se complaint indulgently, and accept the plaintiff's allegations as true, unless they are clearly irrational or wholly incredible.

*Criminal Law & Procedure > Postconviction Proceedings > Imprisonment & Prisoner Rights*
[HN3] There are several steps to the grievance process in the Michigan Department of Corrections. The prisoner may prepare a written grievance and submit it to the step I grievance coordinator. At step I, a prison staff member is responsible for responding to a grievance within 15

2000 U.S. Dist. LEXIS 15836, *

days. After the prisoner receives the response, the prisoner must request an appeal form within five days, and the prisoner must appeal to step II within five days from receipt of the appeal form. At step II, the grievance coordinator assigns an appropriate respondent, who is responsible for responding to a grievance within 15 days, plus an additional 15 days if an extension is granted by the step II grievance coordinator. Within 10 days of receiving a step II response, a prisoner must appeal to step III. At step III, the Director of the Department of Corrections (or his designee) is responsible for responding. Michigan Department of Corrections, Policy Directive 03.02.130.

*Criminal Law & Procedure > Postconviction Proceedings > Imprisonment & Prisoner Rights*
[HN4] Michigan Department of Corrections policy requires that no more than 90 calendar days may elapse from a prisoner's filing of a step I grievance to the step III response. Michigan Department of Corrections, Policy Directive 03.02.130.

*Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Failure to State a Cause of Action*
[HN5] A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint.

*Constitutional Law > Civil Rights Enforcement > Civil Rights Act of 1871 > Coverage*
[HN6] To state a claim under 42 U.S.C.S. § 1983, a plaintiff must allege the violation of a right secured by the United States Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed.

*Constitutional Law > Cruel & Unusual Punishment*
[HN7] U.S. Const. amend. VIII prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. For a medical claim, U.S. Const. amend. VIII is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner.

*Constitutional Law > Civil Rights Enforcement > Civil Rights Act of 1871 > Coverage*

[HN8] A plaintiff bringing an action pursuant to 42 U.S.C.S. § 1983 cannot premise liability upon a theory of respondeat superior or vicarious liability. Section 1983 liability will not be imposed solely upon the basis of respondeat superior. There must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending subordinate. Liability under § 1983 must be based on active unconstitutional behavior and cannot be based upon a mere failure to act.

*Criminal Law & Procedure > Postconviction Proceedings > Imprisonment & Prisoner Rights*
*Constitutional Law > Civil Rights Enforcement > Civil Rights Act of 1871 > Coverage*
[HN9] Where a defendant's only involvement in allegedly unconstitutional conduct is the denial of administrative grievances or the failure to act, the defendant cannot be liable under 42 U.S.C.S. § 1983. The reason is that there must be active unconstitutional behavior. Failing to intervene on a prisoner's behalf to remedy alleged unconstitutional behavior does not amount to active unconstitutional behavior by a person who merely denies an administrative grievance. Also, a prisoner's allegation that a defendant improperly denied a grievance is not a claim of constitutional dimension because there is no inherent constitutional right to an effective prison grievance procedure.

*Criminal Law & Procedure > Postconviction Proceedings > Imprisonment & Prisoner Rights*
*Constitutional Law > Civil Rights Enforcement > Civil Rights Act of 1871 > Coverage*
[HN10] Denial of access to a prisoner grievance procedure does not present a constitutional claim under 42 U.S.C.S. § 1983 because there is no constitutional right to a grievance process.

*Civil Procedure > Joinder of Claims & Parties*
[HN11] Fed. R. Civ. P. 10(a) requires a plaintiff to include the names of the parties in the action. The use of the fictitious names is permitted only in limited circumstances, and only in the context where there is at least one named party and discovery from that party may eventually allow the true identity of the other persons to be discovered.

**COUNSEL:** TIMOTHY LOUIS TAYLOR, plaintiff, Pro se, Kincheloe, MI.

2000 U.S. Dist. LEXIS 15836, *

**JUDGES:** Richard Alan Enslen, Chief United States District Judge.

**OPINIONBY:** Richard Alan Enslen

**OPINION:**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The court has granted plaintiff leave to proceed in forma pauperis. [HN1] Under the Prison Litigation Reform Act, PUB. L. No. 104-134, 110 STAT. 1321 (1996) ("PLRA"), the court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. [HN2] The court must read plaintiff's pro se complaint indulgently, see Haines v. Kerner, 404 U.S. 519, 520, 30 L. Ed. 2d 652, 92 S. Ct. 594 (1972), and accept plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. Denton v. Hernandez, 504 U.S. 25, 33, 118 L. Ed. 2d 340, 112 S. Ct. 1728 (1992). [*2] Applying these standards, the Court will dismiss Defendants Bill Martin, Mary Berghuis, Mr. Brevard, and Michael Whalen because plaintiff has failed to state a claim against them. The Court will allow plaintiff thirty days in which to amend his complaint to name an appropriate defendant from the medical staff at Brooks Correctional Facility.

**Discussion**

I. Factual Allegations

Plaintiff is presently incarcerated at the Brooks Correctional Facility. In his pro se complaint, he sues Bill Martin, the Director of the Michigan Department of Corrections; Mary Berghuis, the warden at Brooks; Michael Whalen, a resident unit manager; Mr. Brevard, a grievance coordinator; and unnamed members of the Brooks medical staff. Plaintiff's action concerns the denial of a medication called Timoptic, which is an eye drop medication for glaucoma.

The following facts are as alleged by plaintiff. In 1995, plaintiff was diagnosed with glaucoma in his left eye and prescribed Timoptic. He used the medication for four years. Then, on October 6, 1999, plaintiff was transferred to Brooks. He informed health services that he needed a refill of Timoptic. Plaintiff did not receive the medication. [*3] In November and December, 1999, he sent four reminders to health services, but received no response.

On December 14, 1999, plaintiff filed his first grievance against health services, claiming that they ignored his requests for a refill of Timoptic. n1

Defendant Michael Whalen responded to the grievance and claimed that plaintiff failed to show up to be reviewed on the grievance. Plaintiff alleges that he was never called out to be reviewed on the grievance. Regardless, the reviewer found in favor of plaintiff, stating that the medication would be reordered that day (December 29, 1999) although there was no record that plaintiff had requested it.

n1 [HN3] There are several steps to the grievance process in the Michigan Department of Corrections. The prisoner may prepare a written grievance and submit it to the Step I grievance coordinator. MICHIGAN DEP'T OF CORR., Policy Directive 03.02.130 P Y. At Step I, a prison staff member is responsible for responding to a grievance within fifteen days. Id. P CC. After the prisoner receives the response, the prisoner must request an appeal form within five days, and the prisoner must appeal to Step II within five days from receipt of the appeal form. Id. P DD. At Step II, the grievance coordinator assigns an appropriate respondent, who is responsible for responding to a grievance within fifteen days, plus an additional fifteen days if an extension is granted by the Step II grievance coordinator. Id. PP EE-FF. Within ten days of receiving a Step II response, a prisoner must appeal to Step III. Id. P GG. At Step III, the Director of the Department of Corrections (or his designee) is responsible for responding. Id. P GG. [HN4] Policy requires that no more than ninety calendar days may elapse from the filing of the Step I grievance to the Step III response. Id. P V.

[*4]

On January 3, 2000, plaintiff was seen by health services. He had an annual screen, but was not given his medication. He continued to check the call outs for his medication, but his name did not appear. On January 8, 2000, he requested a form for an appeal of his grievance to Step II. Defendant Brevard, the grievance coordinator, failed to respond. Plaintiff made a second request on January 20, 2000. On January 26, plaintiff received a denial of his request for an appeal form as untimely because the request was received on January 24, 2000, and he had been given his Step I response on December 29. n2

n2 Under prison policy, a prisoner has five days to request such a form; thus, even if plaintiff had requested the form on January 8, 2000, he was still late. See supra note 1.

2000 U.S. Dist. LEXIS 15836, *

On January 29, plaintiff made a request to health services regarding his Timoptic. He received no response. On February 8, 2000, plaintiff requested to see an optometrist and asked why his medication had not been provided. On February 13, 2000, plaintiff [*5] filed his second grievance against health services for failing to provide him with Timoptic. Defendant Brevard refused to process the grievance because it was not concise and contained extraneous information. Plaintiff appealed. In his appeal, he claimed that Brevard's refusal to process his grievance was a denial of his medication and a denial of his access to the grievance procedure. Defendant Mary Berghuis decided the Step II appeal by affirming the Step I decision. Plaintiff filed an appeal to Step III. In his appeal, plaintiff claimed that the warden's decision amounted to denial of his medication.

On March 7, 2000, plaintiff filed his third grievance against health services. He requested to be given his medication and to see an optometrist about pain in his left eye. Defendant Whalen reviewed the grievance. He stated that plaintiff had not shown up for the grievance review. He also stated that plaintiff was transferred to Brooks on October 6, 1999, and had never sent a request to healthcare for medication. Whalen also stated that plaintiff needed his medication, but had not ordered it since July 8, 1999. Whalen stated that the medical service provider would review the record [*6] and order the medication.

On March 27, plaintiff was called out to healthcare to pick up the medication, but it was a different medication. A nurse told him that he could return the medication and a doctor might see him, or he could keep the medication. Plaintiff made a request to healthcare to see an optometrist about the change in his medication and the pain in his left eye. Plaintiff filed a fourth grievance against health services.

On March 28, 2000, plaintiff appealed the response to his third grievance. He asserted that the grievance response did not address his request to see an optometrist, that he had made known his need for the medication since the first day he arrived at Brooks, and that the medication was to be ordered on December 29, 1999, but it had not been done.

On April 4, 2000, he received a note stating that he had been referred to an optometrist. On April 12, plaintiff received a response to his fourth grievance. The response indicated that the pharmacy had dispensed the generic equivalent of Timoptic, but plaintiff did not accept that explanation for the change in his medication. On April 22, 2000, plaintiff appealed, stating that the pharmacy could not change [*7] his medication without his authorization and that the generic equivalent could not be used by contact lens wearers, though Timoptic could.

For relief, plaintiff seeks $ 95,000 compensatory and $ 300,000 punitive damages against each defendant. He also requests nominal damages of $ 1.00 and an order requiring retraining of the entire medical staff. n3

> n3 Plaintiff claims that he appealed to Step III on his first three grievances, but has not received any reply. (See Compl. at 4-5.) At this juncture, then, the exhaustion requirement of 42 U.S.C. § 1997e(a) appears to be satisfied, though the issue is not foreclosed.

II. Failure to state a claim

[HN5] A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. Jones v. City of Carlisle, 3 F.3d 945, 947 (6th Cir. 1993), cert. denied, 510 U.S. 1177, 127 L. Ed. 2d 564, 114 S. Ct. 1218 (1994). [*8]   [HN6] To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48, 101 L. Ed. 2d 40, 108 S. Ct. 2250 (1988); Street v. Corrections Corp. of America, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. Albright v. Oliver, 510 U.S. 266, 271, 127 L. Ed. 2d 114, 114 S. Ct. 807 (1994).

Plaintiff's claim of denial of medical care is protected by  [HN7] the Eighth Amendment, which prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. Estelle v. Gamble, 429 U.S. 97, 102, 103-04, 50 L. Ed. 2d 251, 97 S. Ct. 285 (1976); [*9]  see also Farmer v. Brennan, 511 U.S. 825, 834, 128 L. Ed. 2d 811, 114 S. Ct. 1970 (1994); Woods v. LeCureux, 110 F.3d 1215, 1222 (6th Cir. 1997). For a medical claim, the Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. Estelle, 429 U.S. at 104-05; Sanderfer v. Nichols, 62 F.3d 151, 154 (6th Cir. 1995). Although plaintiff's allegations regarding his inability to obtain his medication are sufficient to

2000 U.S. Dist. LEXIS 15836, *

state an Eighth Amendment claim, plaintiff has failed to name any individuals against whom his claim may be served.

### A. Bill Martin, Director of the Michigan Department of Corrections

Plaintiff sues Bill Martin, the Director of the Michigan Department of Corrections, but has failed to make any specific allegations against him. Presumably, plaintiff sues Martin because he is the Director of the MDOC and thus, is allegedly responsible for the actions of other MDOC employees. However, [HN8] a plaintiff bringing an action pursuant to § 1983 cannot premise liability upon a theory of respondeat superior or vicarious liability. Street, 102 F.3d at 818 [*10] (quoting Monell v. Department of Social Services, 436 U.S. 658, 56 L. Ed. 2d 611, 98 S. Ct. 2018 (1978)). As the Sixth Circuit has repeatedly emphasized:

> Section 1983 liability will not be imposed solely upon the basis of respondeat superior. There must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate.

Taylor v. Michigan Dep't of Corr., 69 F.3d 76, 81 (6th Cir. 1998) (citing Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir.), cert. denied, 469 U.S. 845, 83 L. Ed. 2d 93, 105 S. Ct. 156 (1984)); accord Copeland v. Machulis, 57 F.3d 476, 481 (6th Cir. 1995); Walton v. City of Southfield, 995 F.2d 1331, 1340 (6th Cir. 1993); Leach v. Shelby County Sheriff, 891 F.2d 1241, 1246 (6th Cir. 1989), cert. denied, 495 U.S. 932, 109 L. Ed. 2d 502, 110 S. Ct. 2173 (1990). Liability [*11] under § 1983 must be based on active unconstitutional behavior and cannot be based upon a mere failure to act. Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999), cert. denied, 147 L. Ed. 2d 988, 120 S. Ct. 2724 (2000). Because plaintiff's allegations do not meet this standard, he fails to state a claim against Martin.

### B. Mary Berghuis, Warden at Brooks

Plaintiff also sues Mary Berghuis, the warden at Brooks. At stated in the foregoing section, plaintiff cannot maintain a § 1983 claim against Berghuis simply based on her position as the warden. Plaintiff's sole allegation against Berghuis is that she denied his medication simply by affirming the Step I decision rejecting plaintiff's second grievance because it contained extraneous information. This allegation fails to state a claim.

Recently, the Sixth Circuit held that [HN9] where the defendant's only involvement in the allegedly unconstitutional conduct is "the denial of administrative grievances or the failure to act," the defendant cannot be liable under § 1983. Shehee, 199 F.3d at 300. The reason is that there must be active unconstitutional behavior. Failing to intervene [*12] on a prisoner's behalf to remedy alleged unconstitutional behavior does not amount to active unconstitutional behavior by a person who merely denies an administrative grievance. Id. Also, in unpublished decisions, the Sixth Circuit has held that a prisoner's allegation that a defendant improperly denied a grievance is not a claim of constitutional dimension because there is "no inherent constitutional right to an effective prison grievance procedure." See Overholt v. Unibase Data Entry, Inc., 2000 U.S. App. LEXIS 14087, No. 98-3302, 2000 WL 799760, at *3 (6th Cir. June 14, 2000); Lyle v. Stahl, 1998 U.S. App. LEXIS 18241, No. 97-2007, 1998 WL 476189, at *1 (6th Cir. Aug. 3, 1998); see also Wynn v. Wolf, 1994 U.S. App. LEXIS 6593, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. March 28, 1994) (no constitutional right to a grievance procedure). The Sixth Circuit has only found that there is a constitutional right not to be retaliated against for having filed a nonfrivolous grievance. See Herron v. Harrison, 203 F.3d 410, 415 (6th Cir. 2000); Shehee, 199 F.3d at 301. However, plaintiff does not allege retaliation. In light of the foregoing authority, plaintiff's allegation that Berghuis [*13] improperly denied his grievance appeal fails to state a claim of constitutional dimension.

### C. Mr. Brevard, grievance coordinator

Plaintiff's allegations against Defendant Brevard are (1) that Brevard failed to provide plaintiff with an appeal form upon his first request and thus, plaintiff's appeal was rejected as untimely; and (2) that he erroneously rejected a subsequent grievance for containing extraneous information. These allegations fail to state a claim.

Brevard's alleged failure to provide plaintiff with an appeal form so he could file a timely appeal does not state a claim of constitutional dimension. It appears from plaintiff's allegations and prison policy that the rejection of plaintiff's appeal as untimely was properly made. See Footnote 2. Even if the rejection was not proper, plaintiff still does not state a claim. In numerous unpublished decisions, the Sixth Circuit has held that [HN10] denial of access to a grievance procedure does not present a constitutional claim because there is no constitutional right to a grievance process. See Miller v. Haines, 1998

U.S. App. LEXIS 18239, No. 97-3416, 1998 WL 476247, at *1 (6th Cir. Aug. 3, 1998); Wynn v. Wolf, 1994 U.S. App. LEXIS 6593, No. 93-2411, 1994 WL 105907, [*14] at *1 (6th Cir. March 28, 1994); McGee v. Grant, 863 F.2d 883, 1988 WL 131414, at *1 (6th Cir. 1988); Mahammad v. Serett, 860 F.2d 1079, 1988 WL 113996, at *1 (6th Cir. 1988). Accord Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994), cert. denied, 514 U.S. 1022, 131 L. Ed. 2d 227, 115 S. Ct. 1371 (1995); Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991); Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989). Thus, the allegation that Brevard denied plaintiff a timely appeal by failing to give plaintiff an appeal form, even if true, does not state a cognizable claim.

Further, Brevard's rejection of plaintiff's grievance for extraneous material does not state a claim, for the same reasons as stated in the foregoing section regarding Defendant Berghuis. Plaintiff has not alleged any other facts to show that Brevard actively participated in the denial of his medication and thus, Brevard's denial of plaintiff's grievance does not rise to the constitutional level. Accordingly, plaintiff fails to state a claim against Brevard.

### D. Michael Whalen, resident unit manager

Plaintiff [*15] also names Michael Whalen, a resident unit manager, as a defendant. Plaintiff claims that Whalen (1) falsely stated that plaintiff failed to show up for review of a grievance filed on December 14, 1999; (2) falsely stated that plaintiff failed to show up for review of a grievance filed on March 7, 2000; and (3) made an erroneous statement in a grievance ruling that plaintiff had never requested medication since his transfer to Brooks. Again, as stated in the foregoing sections, an allegation that defendant improperly denied a grievance fails to state a claim of constitutional magnitude. Plaintiff's allegations do not show that Whalen was actively denying his constitutional rights. Thus, plaintiff fails to state a claim against Whalen.

### E. Medical staff

Plaintiff sues the entire medical staff at Brooks, but he has failed to provide a name of a single person who is part of the medical staff. [HN11] Rule 10(a) of the Federal Rules of Civil Procedure requires the plaintiff to include the names of the parties in the action. The use of the fictitious names are permitted only in limited circumstances, and only in the context where there is at least one named party and discovery from that [*16] party may eventually allow the true identity of the other persons to be discovered. See, e.g., Berndt v. Tennessee, 796 F.2d 879, 882-84 (6th Cir. 1986) (remanding to allow plaintiff to amend complaint to name the parties); Odum v. Knox County, 902 F.2d 34, 1990 WL 57241, at *1 (6th Cir. 1990) (complaint contained sufficient facts

for the named defendants to discover the correct defendant with minimal investigation). Plaintiff's action concerns the health services department at the Brooks Correctional Facility, where he was incarcerated for nearly a year before filing this action. Certainly, medical records containing names of individuals were created as a result of the events. It is virtually inconceivable that without minimal effort, plaintiff cannot name at least one of the involved individuals.

Because the remaining defendants will be dismissed, the court cannot order service of the action. Accordingly, plaintiff will be permitted to amend his complaint within thirty days to provide the name of at least one defendant, or he may face dismissal of his action without prejudice. See Valentin v. Dinkins, 121 F.3d 72, 75-76 (2d Cir. 1997) [*17] (remanding to allow the plaintiff an opportunity to identify name of an officer from the named defendant but noting that a dismissal was not precluded if the information was insufficient to allow for service of process on the defendant). If plaintiff fails to name at least one appropriate individual, his complaint may be dismissed.

### Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the court determines that plaintiff's action fails to state a claim against Defendants Bill Martin, Mary Berghuis, M. Brevard and Michael Whalen, who will therefore be dismissed pursuant to 28 U.S.C. § § 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c). Plaintiff will be permitted thirty days to file an amended complaint which names at least one person of the medical staff at Brooks Correctional Facility who was involved in the denial of his medical care.

An order consistent with this opinion will be entered.

Dated: Oct 26, 2000

Richard Alan Enslen

Chief United States District Judge

### ORDER OF DISMISSAL and NOTICE OF OPPORTUNITY TO AMEND

In accordance with the opinion filed this date:

IT IS ORDERED [*18] that Defendants Bill Martin, Mary Berghuis, M. Brevard, and Michael Whalen are DISMISSED because plaintiff has failed to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e), § 1915A, and 42 U.S.C. § 1997e(c).

IT IS ALSO ORDERED that plaintiff shall have **thirty days** in which to file an amended complaint to

2000 U.S. Dist. LEXIS 15836, *

name at least one appropriate defendant from the medical staff at Brooks Correctional Facility.

Richard Alan Enslen

Chief United States District Judge

Dated: Oct 26, 2000