Complaint of Chronic chest pain, inability to urinate, defecate, abdominal pain and Peptic Ulcer which conditions remain untreated to date. These evidence is sufficient to create a genuine issue of material fact regarding the denial of medical care and treatment. It is to these facts that establishes also a genuine issue of material fact in dispute, in which Summary Judgment cannot issued as a corollary to the medical claims at issue here.

In conclusion the plaintiff reminds the Court that a default Judgment has already being reached in this medical claims at issue raised herein by the State Habeas Corpus Proceedings and the State Habeas Corpus ruled in Favor of the plaintiff and against the defendants whom failed to Appear to answer the questions, complaints plaintiff raised herein. (Exhibit 50).

To grant Summary Judgment in this civil action raising the identical medical issues is to call into question the default Judgment rendered in Favor of the plaintiff at State Habeas Corpus proceedings whom address these issues. For this reason granting Summary Judgment in favor of the defendants must be denied. For it would directly call into question the default Judgment ruled against them which found plaintiff allegation of denial of medical care and treatment, as Factual and True!

14

D- There is Evidence Sufficient to Support The Plaintiff Claim of Denial of Dental Care

The Supreme Court has ruled that "deliberate indifference to serious medical needs of prisoners" is cruel and unusual punishment. Estelle v. Gamble 429 U.S. 97, 104 (1976) In this instant action the defendants argue that they are dentist and were not deliberately indifferent to plaintiff dental needs and that they treated the plaintiff condition to the extent possible within the confines of Cheshire dental department. They are wrong for the following reasons.

First, courts generally agree that a medical need is "serious" if it "has been diagnosed by a physician as mandating treatment. Stokes v. Hurdle, 393 F. Supp 757 (D. Md. 1975), aff'd 535 F. 2d 1250 (4th Cir. 1976); Blakey v. Sheriff of Albemarle County, 370 F. Supp 814 (W.D. Va 1974) Deane v. Coughlin 623 F. Supp 392, 400-01 (S.D N Y 1985); Langley v. Coughlin 888 F. 2d 252, 254 (2d Cir 1989). In this case a review of the records indicate that the defendants diagnosed the plaintiff conditions and knows through requests, grievances and letters that plaintiff dental needs was serious enough to require treatment. (Plaintiff Exhibit 11, 12, 16, 18, 19, 20, 21, 23, 27, 28) (Defendants Exhibit E with attached dental records)

15

Second, a medical conditions may be serious if it significantly affects and individual daily activities. The plaintiff sore, swollen, bleeding gums have had a serious consequences for him. The complaint alleges that his sore, swollen and bleeding gums was so serious that at times he was unable to eat his meals and/or brush his teeth properly due to severe facial swelling. (Complaint at 124, 129, 130, 135, 136, 166, 169, 181) (Plaintiff Affidavit Exhibit 1). The plaintiff have a constitutional rights to have his serious dental needs treated appropriately. Le Marbe v. Wisneski 266 F. 3d 429 (6th Cir 2001); Deane v. Coughlin 809 F. 2d 207 (2d Cir 1986)

Finally courts have acknowleged that prisoners cannot obtain their own medical services and the constitution requires prison authorities to provide them with "reasonably adequate medical care". Langley v. Coughlin 888 F. 2d 252, 254 (2d Cir 1989)

In this instant action the defendants continue to argue that they are not responsible of any wrong doing concerning lack of dental treatment. They claim that Periodental treatment is not provided in the Department of Correction and that they cannot be held to be deliberately indifferent to the plaintiff dental needs when policy (which they have no part in) prohibits the treatment requested by the plaintiff. (Defendants Memorandum of Law at page 9.

16

Prison officials or medical staff act with deliberate indifference to an inmate serious medical needs if they know and disregard an excessive risk to the inmate health. Hathaway v. Coughlin 37. F. 3d 63, 67 (2d Cir 1994) A doctor act with deliberate indifference when he or she fails to examine a patient know to be suffering from a serious medical conditions. See Liscio v. Warren 901 F. 2d 274, 277 (2d Cir 1990). A doctor act with deliberate indifference if he or she fails to notify an inmate within a reasonable period of the results of test that could lead an inmate to choose to have surgery. See Hathaway v. Coughlin 37 F. 3d 63, 67 (2d Cir 1994). Here by contrast the plaintiff evidence shows a continuing pattern of denial of dental treatment by the defendants. (Plaintiff Exhibit 29, 30, 31, 32, 36, 44, 45, 46, 47, 48, 49.) The defendants cannot escape liability where plaintiff evidence showed that they merely refused to verify underlying facts that they strongly suspected to be true, or decline to confirm inferences of risk that they strongly suspected to exist. Prison officials must provide reasonably necessary medical care which would be available to the prisoners if not incarcerated. The fact that care may be expensive does not excuse the defendants from providing it. Harris v. Thigpen 941 F. 2d 1495, 1509 (11th Cir. 1991); Langley v. Coughlin

17

888 F. 2d at 254; Ancata v. Prison Health Services, Inc. 769 F. 2d 700, 705 (11th Cir. 1985); Yarbaugh v. Roach 736 F. Supp 318, 320 n.7 (D.D.C. 1990). The facts alleged by the plaintiff are evidence that the defendants were acting with deliberate indifference to plaintiff dental needs and would support a jury verdict in plaintiff favor. See Miller v. Leathers 913 F. 2d 1085, 1088 (4th Cir 1990) Cert. denied 111 S. Ct. 1018 (1991); Oliver v. Collins 914 F. 2d 56, 59 (5th Cir 1990).

For the reasons set above the plaintiff evidence is sufficient to create a genuine issue of material fact regarding the denial of dental care and treatment. It is to these facts that establishes also a genuine issue of material fact in dispute, in which Summary Judgment cannot issued as a corollary to the dental claim at issue.

In conclusion defendant Michael Young is currently on leave from the Department of Correction because of an assignment in the United States military. (defendant Shivy Aff at 22). Defendant Young has not filed an Affidavit disputing plaintiff claims of denial of dental treatment. Therefore plaintiff request this Court for abeyance in the proceedings in relation to vis-a-vis defendant Young until he is returns to the Jurisdiction of the United States where he is able to answer the Summary Judgment Petition.

18

E- There are Facts That Defendants Armstrong Rodriguez and Cooper Had Personal Involvement

The plaintiffs Affidavit states that he written to defendants Armstrong, Rodriguez, Cooper about his lack of medical and dental care and personally spoke to defendants Rodriguez on several occasions about this. (Plaintiff Exhibit 23, 27, 32, 44, 45, 46, 47, 48). Defendants Armstrong and Rodriguez as well as Cooper can be liable under 1983 if they are deliberately indifferent to acts committed by their employes. Doe v. Gooden 214 F.3d 952 (8th Cir. 2000); Turpin v. Mailet 619 F.2d 196, 202 (2d Cir. 1980) noting that officials can be held liable for not supervising their employes. The defendants were made aware that plaintiff was not getting medical and dental care. (Exhibit 36, 37). They had a duty to make sure that plaintiff medical and dental needs were being treated once they had knowledge about it, and did nothing or take step to provide a remedy to plaintiff. Monell v. Dept of Social Services 436 U.S. 658, 98 S. Ct. 2018 (1978); William v. Smith 781 F.2d 319, 323 (2nd Cir. 1986); Langley v. Coughlin 715 F. Supp 522, 547 (S.D.N.Y 1989); Murry v. Koehler 734 F. Supp 605 (S D N Y 1990) (Holding

19

supervisor responsible on theory of gross non management for Eighth Amendment violation by subordinate) In the instant action, the defendants continue to argue that plaintiff is unable to demonstrate the personal involvement by defendants Armstrong, Rodriguez and Cooper in the dental and medical treatment afforded to the plaintiff. Defendants Armstrong, Rodriguez and Cooper have personal knowledge that the plaintiff was not receiving proper medical and dental treatment and ignored plaintiff call for treatment on repeated occasions. See Williams v. Vincent 508 F.2d 541, 544, 545 (2d Cir. 1974). Prison Warden and Commissioner held liable for medical care deprivation. Hill v. Mashall 962 F.2d 1209, 1213 (6th Cir. 1992) Defendants Armstrong, Rodriguez and Cooper was responsible for ensuring that all services were properly provided and could be held liable for failure to do so cert. denied 113 S.Ct 2992 (1993). Defendants Armstrong and Rodriguez has not filed an affidavit disputing the plaintiff claims. Moreover a default Judgment has already being reached against these defendants by a State Habeas Court for their failure to Appear in Court. To grant Summary Judgment for these defendants is to call into question the default Judgment entered against them and in favor of plaintiff. Therefore Summary Judgment should be denied.

20

F._ There is Evidence Sufficient To Support A Cause Of Action Of Conspiracy

To establish Conspiracy pursuant to 42 U.S.C. sec 1983 a plaintiff must show: ① a combination and/or agreement of two or more state actors or between a state actor and a private entity ② to act in concert to inflict an unconstitutional injury ③ an overt act done in furtherance of that goal causing damages. Pangburn v. Culbertson 200 F.3d 65 (2d Cir 1999); Rotermund v. United Steel Corp, 474 F. 2d 1139 (8th Cir 1973)(citation omitted). In order to prove the existence of a civil conspiracy, a plaintiff is not required to provide direct evidence of the agreement between the conspirators; "Circumstantial evidence may provide adequate proof of Conspiracy." Hoffman-La Roche, Inc. v. Greenberg 447 F.2d 872, 875 (7th Cir 1971); see also United States v. Varelli 407 F.2d 735, 741-42 (7th Cir 1969). Absent the testimony of a conspirator, it is unlikely that direct evidence of a conspiratorial agreement will exist. Thus, the question whether an agreement exist should not be taken from the Jury in a civil conspiracy case so long as the Jury can "infer from the circumstances (that the alleged Conspirators) had a "meeting of the minds" and thus reached an understanding" to achieve the conspiracy's

21

objectives. Adickes v. Kress & Co, 398 U.S. 144, 158-59 S. Ct. 1598, 1609, 26 L. Ed. 2d 142 (1970). In the instant action, the defendants argue that plaintiff has not shown any personal involvement or responsibilities of any defendants. This is not the case. The plaintiff very clearly names specific defendants who and actions which they each took which inflicted an unconstitutional injury on him. The fact that several defendant department of correction personal either denied medical and dental treatment to plaintiff or failed to take steps to provide an adequate medical care system violate the plaintiff Eighth Amendment rights. See Estelle v. Gamble 97 S. Ct 285 (1976); quoting Farmer v. Brennan 511 U.S. 825, 833-34, 114 S. Ct. 1970 (1994). Any way a plaintiff seeking redress need not prove that each participant in a conspiracy knew the "exact limits of the illegal plan or the identity of all participants therein". Hoffman-La Roche Inc, Supra 447 F.2d at 875. An express agreement among all the conspirators is not a necessary element of a civil conspiracy. The fact as established by the plaintiff are such that a jury could reasonably find that the defendants conspired to deprive the plaintiff of his constitutional rights. In conclusion when

22

a plaintiff alleges a conspiracy to violate civil rights" the existence or non existence of a conspiracy is essentially a factual issue that the jury, not the trial judge, should decide". Adikes, Supra 398 U.S. at 176, 90 S.Ct. at 1618 (Black, J. Concurring). The plaintiff reminds this Court that a default judgment has already being reached in a State Habeas Court proceedings which all the issues herein raised, where previously addressed and the Habeas Court ruled in favor of plaintiff against the defendants for then failure to Appear to answer the questions Complaints plaintiff raised. Where a default judgment as a result of defendants failure to Appear at trial logically inferred that then their uncontested factual allegations must by law be accepted as true, and where this default judgment was made the factual history of this case. To grant defendants Summary Judgment on the plaintiff Conspiracy claim is to call into question the default Judgment rendered in favor of the plaintiff at State Habeas Corpus proceedings whom address these issues. For this reason Summary Judgment for the defendants on plaintiff conspiracy claim should be denied.

23

G. The Plaintiff Clearly States A Claim For Discrimination Retaliation & Conspiracy

Prisoners have the right to be free from discrimination on the basis of race, alien age, national origin, gender, legitimacy, and disability. The Fourteenth Amendment to the United States Constitution states that government may not deny to any person... the equal protection of the laws. This means that government officials including prison officials and anyone who work for the government— must treat similarly situated people alike. Giano v. Senkowski 54 F. 3d 1050, 1057 (2d Cir 1995). In this instant action the defendants contend that plaintiff claim of discrimination, retaliation and conspiracy is without merit and should be dismissed! The defendants are wrong for the following reasons. ① To prove discrimination a plaintiff must show that the government officials (also known as a "state actor) treats similarly situated people differently ② that the state actor is said to have intended to discriminate against the prisoner. ③ That the state actor did in fact discriminate against the prisoner by treating him or her differently from other prisoners who are similarly situated ④ that the discrimination was directed against "an identifiable or suspect

24