class. Giano v. Senkowski 54 F. 3d 1050, 1057 (2d Cir 1995); see McCleskey v. Kemp 481 U.S. 279, 292 (1987); Washington v. Davis 426 U.S. 229 (1976). The defendants characterize the plaintiff's retaliation claim, discrimination claim and the conspiracy claim based on the bathroom incident with defendant Husband. The defendants claim that Husband testified that she did not deny the plaintiff request to use the bathroom. However for reasons of safety and privacy, she would not permit the plaintiff to use the bathroom alone. They are wrong. The factual sequence of the events began when plaintiff filed the medical and dental Habeas Corpus to obtain proper medical and dental treatment. Because White, Hispanic and Puerto Rican inmates has been provided with medical, dental treatment and plaintiff was denied those services as an African descent. Plaintiff informed Lt Abney, Captain Peters and wrote letters to Captain Holmes and defendant Rodriguez complaining about his lack of medical and dental care while the defendants continue to provide Hispanic and White inmates proper care. Defendants Rodriguez and Armstrong did nothing (Plaintiff Exhibit 40, 41). Furthermore plaintiff filed grievance in regard to the denial of the

25

of the medical Unit bathroom which was denied stating that inmates are not allowed to use staff bathroom unless they are required to give a urine specimen (Exhibit 42). Defendant Husband cannot complain that she did not deny the plaintiff bathroom use. As inmate Holsy testified (Aff Exhibit 51) that the plaintiff version of the incident in the Medical Unit happened and nobody did nothing. As former inmate Gregory Gaymon testified (Aff Exhibit 52) that the plaintiff urinated on himself is not a fabrication. Defendants Cooper, and Rodriguez were made aware of the incident and about all retaliatory disciplinary infraction imposed upon plaintiff and they did nothing to stop this retaliation. Plaintiff placement in segregation, denial of medical and dental, wise crack answer to his grievances, his transfer to a Mental Health Facility without a Hearing and without suffering any mental illness which continue to the present because of plaintiff racial and ethnic backgrounds. The plaintiff discrimination claim is not centered only as to defendant Husband. The plaintiff discrimination claim, retaliation claim and conspiracy involve all the defendants in this

26

action. The evidence presented by the plaintiff substantiates his claims for conspiracy, discrimination and retaliation. Plaintiff presented considerable evidence documents and express statements by the defendants from which reasonable person could conclude that these parties shared a racial animus otherwise discriminatory to undermine the plaintiff. In a discriminatory civil right a plaintiff need not prove that the individual motives underlying a common illegal desire to achieve a conspiratorial objective were identical. The essense of a conspiracy is the agreement and a reasonable jury could find that the action of these defendants demonstrate that they had agreed at least tacitly to work together to denied plaintiff medical and dental treatment, retaliate, discriminate cause of his African descent and national origin. See Plyler v. Doe 457 U.S. 202, 216 (1982).

In conclusion there are genuine issue of material fact in dispute concerning the plaintiff claim of discrimination, retaliation, and conspiracy. As such summary judgment in favor of the defendants should be denied.

27

H_ The Evidence Supports the Plaintiff Claim of Denial of Due Process

The plaintiff claim a violation of due process sets out the fact regarding his disciplinary prosecution in this matter. As such it is included not only a claim for procedural irregularities but also the conduct of the plaintiff disciplinary hearing by defendant Maylor denied him due process of law. When prison officials subject inmates to serious punishment like punitive segregation, they most observe the safeguards of due process. Wolff v. McDonnell 418 U.S. 539, 556-59, 94 S. Ct. 2963 (1974); Gilbert v. Frazier 931 F.2d 1581, 1582 (7th Cir 1991). Defendant Maylor, the hearing officer, violated due process in three respects. ① The refusal to call plaintiff witnesses denied due process. Prisoners have the right to call witnesses when it is not unduly hazardous to institutional safety or correctional goals. Wolff v. McDonnell, 418 U.S. 539, 566, 94 S. Ct. 2963 (1974) Witnesses may be denied for reasons such as irrelevance, lack of necessity, or the hazards presented in individual cases. Wolff v. McDonnell 418 U.S. a 566. None of these reasons apply to this case, and none of them were stated by the hearing officer. Defendant Maylor stated that he was not going to call any witnesses where the staff report give a full picture of the incident. If this justification

28

were accepted, it would effectively abolish the right to call witnesses. This justification, therefore, amounts to the kind of blanket policy of denying witnesses that courts have repeatedly struck down as violating due process. Forbes v. Trigg 976 F. 2d 308, 316-17 (7th 1992); McFarland v. Cassady 779 F. 2d 1426, 1428 (9th Cir 1986); King v. Wells 760 F. 2d 89, 93 (6th Cir 1985); McCann v. Coughlin 698 F. 2d 112, 122-23 (2d Cir 1983); Bartholomew v. Watson 665 F. 2d 915 (9th Cir 1982); Patterson v. Coughlin 905 F. 2d 564 (2d Cir 1990); Walker v. Bates 23 F. 3d 652, 657-58 (2d Cir 1994). Further Courts have repeatedly held that the refusal to call witnesses with personal knowledge of the incident in question denies due process. Fox v. Coughlin 893 F. 2d 475, 478 (2d Cir 1990) This is especially so when a prisoner faces a credibility problem trying to disprove the charges of a prison guard Ramer v. Kerby 936 F. 2d 1102, 1104 (10th Cir 1991) and when the hearing officer refused to hear any witnesses corroborating the accused inmate, Graham v. Baughman 772 F. 2d 441, 445 (8th Cir 1985); Green v. Nelson 442 F. Supp 1047, 1057 (D. Conn 1977) - both of which apply to this case. ② The failure to provide a meaningful explanation of the finding of guilty denied due process. "Prisoners who are found guilty of disciplinary charges are entitled to a written statement by the factfinders as to the

29

Case 3:02-cv-01341-AWT    Document 62-3    Filed 02/23/2005    Page 6 of 15

evidence relied on and the reasons for the disciplinary actions Wolff v. McDonnell 418 U.S. at 565, quoting Morrissey v. Brewer 408 U.S. 471, 489, 92 S. Ct. 2593 (1972). Several courts have held that the practice of simply adopting the reports of staff members with no further explanation denies due process. Dyson v. Kocik 689 F. 2d 466, 467-68 (3d Cir 1982); King v. Wells 760 F.2d 89, 93 (6th Cir 1985); Dyson v. Kocik 689 F.2d 466, 467-68 (3d Cir 1982); Chavis v. Rowe 643 F. 2d 1281, 1286-87 (7th Cir) Cert. denied 454 U.S. 907 (1981); Hayes v. Walker 555 F. 2d 625, 633 (7th Cir) Cert. denied 434 U.S. 959 (1977); Owens v. State 507 So 2d 576, 578 (Ala Cr. App 1987) State ex rel. Meeks v. Gagnon 95 Wis 2d 115, 289 N.W. 2d 357, 362-63 (Wiss App 1986). Prison officials must provide some degree of explanation for the conclusions they reach. Washington v. Chrans 769 F. Supp 1045, 1052 (C.D. Ill 1991); Robinson v. Young 674 F. Supp 1356, 1368 (W.D. Wis 1987); Staples v. Traut 675 F. Supp 460, 465-68 (W.D. Wis 1986). Here, defendant Maylor provided no explanation whatever for believing the written reports of the officers over the personal testimony of the plaintiff. (Exhibit 53, 54) ③ The plaintiff conviction for threats and disobeying a direct order unsupported by any evidence, denied due process. Due process forbids officials to convict prisoners of disciplinary offenses until and unless there is some evidence

30

to support the charges. Superintendent v. Hill 472 U.S. 445, 457, 105 S. Ct. 2768 (1985) In this case there was no evidence to support the charges. The only evidence at the hearing was the written reports of the officers and the testimony of the plaintiff. In the absence of any evidence the conviction for disobeying a direct order and threats denied due process. In this instant action defendant Rodriguez is liable for the due process violation by reason of his failure to correct them on administrative appeal. Although defendant Rodriguez did not commit the due process violations, he became responsible for them when he failed to correct them in the course of his supervisory responsibilities. A supervisor who learns of a constitutional violation through a report or appeal may be held liable for failing to correct it. Williams v. Smith 781 F. 2d 319, 323-24 (2d Cir 1986). In particular, wardens and other high-level prison officials who are designated to decide disciplinary appeals have the duty to conduct at least a "minimal investigation" when confronted with evidence of due process violations, and they may be held liable for failing to perform this duty. King v. Higgins, 702 F. 2d 18, 21 (1st Cir) cert. denied, 464 U.S. 965 (1983); accord, Lewis v. Smith 885 F. 2d 736, 738 (11th Cir 1988); Gabai v. Jacoby 800 F. Supp 1149, 1156 (S.D. N.Y 1992); Feagin v. Broglin 693 F. Supp 736, 740 (N.D. Ind 1988

31

# I. Statute of Limitations

Defendant Mingzer in this action stated that plaintiff claim against him must fail. Because there is a three year statute of limitations for 1983 actions. Defendant Mingzer further claim that this action was filed on August 5, 2002 and that any claims prior to August 5, 1999 are barred. Defendant Mingzer is wrong because under Federal Civil rights statute 1983, question of when cause of action accrues for purpose of applying limitation period is one of Federal law, under which cause of action accrues when plaintiff knew or should have known of injury that serves as basis for action. Woods v. Candela S.D.N.Y. 1993, 825 F. Supp. 43; Clay v. Laporta E.D. Va 1993, 815 F. Supp 911; Thomas v. New York City E.D.N.Y 1993, 814 F. Supp 1139. In this instant action defendant Mingzer knew about plaintiff shoulder injuries but "hid it" from the plaintiff by falsifying X-Ray diagnostic report which revealed the injuries and replacing it with Dept of Correction Health Consultation form concluding that X-Ray was negative. Moreover defendant Mingzer continue to written notes in plaintiff medical file that X-Ray was negative. Despite knowing X-Ray was positive. Defendant Mingzer has not filed an Affidavit disputing the plaintiff claims and further was defaulted by the Habeas Court. Therefore the Court should denied Summary Judgment on this claim.

33

## J- The Defendants Are not Entitled To Qualified Immunity

The Supreme Court stated many years ago that the "very essence of civil liberty certainly consists in the right of every individual to claim the protection of the law, whenever he receives an injury" Marbury v. Madison 5 U.S. (1 Cranch) 137, 163 L. Ed 60 (1803) In this instant action all of the defendants were Department of Correction officials acting in that capacity. They are entitled to qualified immunity in this action only "if a reasonable Dept of Correction personal under the circumstances as they existed, could have believed that his actions were lawful" Anderson v. Creighton 483 U.S. 635 (1987). This determination must be made considering only "those facts that were actually available to them, or could reasonably have been perceived by them at the moment they engaged in the challenged conduct" Lowth v. Town of Cheedtowaga 82 F.3d 563, 569 (2d Cir. 1996) To establish a qualified immunity defense, the defendants must establish one of three things: First, at the time the action complained of, the interest asserted by the plaintiff was not clearly protected by a federal statute or the constitution

34

Second, it was not clear at the time of the action that there was not a permitted exception for the act complained of, and third, the actor had and objectively reasonable belief that his acts did not violate the plaintiff rights. Walsh v. Franco 849 F.2d 66, 69 (2d Cir 1988) This is not the situation in the instant case. Denial of medical and dental care and due process are clearly rights protected by the constitution. There is no exception permitting these actions. Estelle v. Gamble 429 U.S. 97, 105, 97 S. Ct (1976). However it must be remembered in the present case the test for applying the doctrine of qualified immunity to a given defendant was restated by the Supreme Court in Procunier v. Navarette, 434 U.S. 555, 98 S. Ct. 855, 55 L. Ed. 2d (1978) see also Wood v. Strickland 420 U.S. 308, 95 S. Ct 992, 43 L. Ed 2d 214 (1975); Scheuer v. Rhodes 416 U.S. 232, 94 S. Ct. 1683, 40 L. Ed 2d 90 (1974). The court in Procunier described the two circumstances in which an official ordinarily insulated by qualified immunity would be exposed to section 1983 liability. First the Court said: The immunity defense would be unavailing to petitioner if the constitutional rights allegedly infringed by them was clearly established at the time of the challenged conduct, if they know or should have

35

known of that right, and if they know or should have known that their conduct violated the constitutional norm Procunier, supra 434 U.S. at 562, 98 S. Ct. at 860. See Wood supra, 420 U.S. at 322, 95 S. Ct 992. Alternatively the court stated that qualified immunity is not available where the officials has acted with malicious intention to deprive plaintiff of a constitutional rights or to cause him "other injury". This part of the rule speaks of intentional "injury" contemplating that the actor intends the consequences of his conduct. See Restatement (second) of Torts § 8A (1965) Procunier, supra 434 U.S. at 566, 98 S. Ct at 862. The defendants cannot claim that they had an objectively belief that their actions did not violate plaintiff rights. There is no question that denial of medical and dental care by the defendants constitutes a constitutional violation. Estelle v. Gamble 429 U.S. 97, 105, 97 S. Ct. 285 (1976). In the present case the suppression of plaintiff medical records X-Rays, the written notes by the defendants in plaintiff medical file concluding that X-Ray was negative were X-Rays was positive. Concealment of test and laboratory results for Hepititis, H-Pylori and X-Ray report for Heart enlargement, that part of plaintiff case against

36

the defendants would constitute violation of a clearly established right. This Court is not need to examine the second branch of the doctrine to determine whether the defendants acted with the requisite intent to deprive them of the benefits of their qualified immunity. Either branch of the doctrine independently can deprive a defendant of the immunity. In the instant case the plaintiff have presented sufficient evidence to require a Trial Court to submit the issue of the defendants intent to a Jury if is necessary to determine whether the defendants could avail themselves of qualified immunity. Fact the plaintiff was seen by numerous Dept of Correction physicians and dentists, wrote letters to defendants Armstrong and Rodriguez, and Cooper complaining about treatment that he did not receive for his serious medical and dental needs is a serious constitutional violation. Estelle v. Gamble 429 U.S. 97, 105, 97 S.Ct. 285 (1976); Howard v. Adkison 887 F.2d 134, 148 (8th Cir. 1989); Borett v. Wiscomb 930 F.2d 1150, 1156 (6th Cir. 1991); McCullough v. Cady 640 F.Supp 1012, 1019 (E.D. Mic 1986); Henderson v. DeRobertis 940 F.2d 1055, 1059 (7th Cir. 1991) cert. denied 112 S.Ct. 1578 (1992); no immunity for defendant in denying plaintiff ability to call witnesses

37


in administrative hearing. Ayers v. Ryan 155 F. 3d 77, 82 (2d Cir 1998). Minimally in the instant action, there is a genuine issue of fact as to whether the defendants action are subject to qualified immunity. As such they are not entitled to Summary Judgment on this issue.

Finally the 11th Amendment does not forbid suing state officials in their individual capacities, and sometimes in their official capacity. The defendants are not protected by the 11th Amendment. See Monell v. New York City Dept of Social Services 436 U.S. 658, 690 n. 54, 98 S.Ct. 2018 (1978); Fay v. South Colonie Central School district 802 F. 2d. 21, 27 (2d Cir 1986)

## Conclusion

For the reasons set forth above, the plaintiff urge that the defendants Motion for Summary Judgement be denied.

By

*Leo Felix Charles*
Pro Se Plaintiff

38

Certification

I hereby certify that a copy of the foregoing was mailed, postage prepaid on this 8th day of February 2005 to:

Neil Parille
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105

By

Leo Felix Charles
Cheshire Correctional Inst
900 Highland Avenue
Cheshire, CT 06410

Pro Se Plaintiff

39