UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LEO FELIX CHARLES | : | NO. 3:02-cv-01341 (AWT) |
| | : | |
| v. | : | |
| | : | |
| PAULINE HUSBAND | : | APRIL 10, 2008 |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE DEFENDANT FROM PRESENTING ANY TESTIMONY, EVIDENCE, DOCUMENTS, COMMENTS OR ARGUMENT REGARDING PLAINTIFF'S OTHER PAST AND PRESENT LAWSUITS**

Plaintiff, Leo Felix Charles, hereby respectfully submits this memorandum of law in support of his motion *in limine* to preclude the defendant, Pauline Husband, from admitting into evidence, whether in the form of testimony, argument, reference, argument, comment or documents, any information regarding other lawsuits filed by the plaintiff.

**I.     BACKGROUND**

Plaintiff was at all relevant times, and still is, incarcerated with the Connecticut Department of Corrections ("DOC") for several drug-related crimes.  In April of 2002, he was housed in the Cheshire Correctional Institution ("CCI") where defendant Pauline Husband was a nurse in the Medical Unit.  Plaintiff claims that on or about April 3, 2002 he was in the Medical Unit and suddenly had an urgent need to urinate.  He claims that even though several Caucasian and Hispanic inmates were permitted to use the restroom located in the Medical Facility, when he asked Nurse Husband to use it, she refused the request and, therefore, plaintiff subsequently urinated on himself.  He was forced to sit in his urine-soaked clothes for two hours while his peers taunted him.  Plaintiff claims that Nurse Husband's conduct violated the Equal Protection Clause of the Fifth and Fourteenth Amendment to the United State Constitution.  The case is brought pursuant to 42 U.S.C. §1983.

Plaintiff has also filed several other lawsuits against the DOC and its employees: Charles v. Zwally (Docket No. 3:98-cv-02033-TPS), Charles v. Leonzi (Docket No. 3:99-cv-00273-GLG), and Charles v. Saundry (Docket No. 3:06-cv-00211-AHN). The first two were tried to verdict in mid-2002; the third remains pending before Judge Alana H. Nevas.

## II.    LEGAL STANDARD

"Preliminary questions concerning…the admissibility of evidence shall be determined by the court…." FRE 104(a). A motion in limine may be used to "exclude anticipated prejudicial evidence before the evidence is actually offered." Luce v. United States, 469 U.S. 38, 40 n 2 (1984). Trial courts have broad discretion when ruling on whether to admit evidence, Affordable Hous. Found., Inc. v. Silva, 469 F.3d 219, 250 (2d Cir. 2006), which stems from the Court's "inherent authority to manage the course of trial." Davis v. City of Stamford, 1998 U.S. Dist. LEXIS 18942 *3 (D.Conn. 1998).

## III.    LAW AND ARGUMENT

Defendant should be precluded from offering any evidence that the plaintiff has filed two previous lawsuits and currently has one pending because the information is irrelevant to plaintiff's current lawsuit pending before this court, it is inadmissible character evidence, and, even if relevant and not character evidence, it is overly prejudicial.

Federal Rule of Evidence ("Rule") 401 defines "relevant evidence" as "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evidence that is irrelevant is inadmissible under Rule 402 ("evidence which is not relevant is not admissible"). The fact that plaintiff has filed three other lawsuits against the DOC does not make it any more or less likely that he was discriminated against by the defendant because of his race.

Furthermore, this evidence is inadmissible character evidence as it serves no proper purpose and would be presented solely in an attempt to portray the plaintiff as litigious.  <u>See</u> Rule 404(b) (providing that "evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident").

Moreover, even if relevant, the evidence is highly prejudicial and should be precluded pursuant to Rule 403.  Rule 403 permits a court to exclude evidence that "although relevant,… may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury…."  Allowing defendant to present such evidence is likely to lead the jury to infer that the plaintiff is litigious, which would be highly prejudicial, far outweighing any minimal probative value.

"The charge of litigiousness is a serious one, likely to result in undue prejudice against the party charged, unless the previous claims made by the party are shown to have been fraudulent."  <u>Outley v. N.Y.</u>, 837 F.2d 587, 592 (2d Cir. 1988).  Any slight probative value of a plaintiff's litigiousness is "outweighed by the substantial danger of jury bias against the chronic litigant…. The trial court has a duty to prevent exploitation of this prejudice…" <u>Raysor v. Port Auth. of N.Y. & N.J.</u>, 768 F.2d 34, 40 (2d Cir. 1985). Furthermore, "in order for a jury to properly consider them, the particular details of each action, and the extent to which the bringing of each action was justified, must be before the jury.  Opening up this area thus invites detailed inquiries, denials, and explanations, likely to lead to multifariousness and a confusion of the issues." <u>Outley</u>, 837 F.2d at 594-595.  Because of the unfair prejudice that would likely result

3

and the amount of time that would be necessary to address other litigation, this evidence should be precluded.

## IV.    CONCLUSION

WHEREFORE, the plaintiff, Leo Felix Charles, hereby respectfully moves *in limine* that any evidence, whether it be in the form of testimony, argument, reference or documents, referencing the plaintiff's other lawsuits be precluded.

                                             PLAINTIFF
                                             LEO FELIX CHARLES

By      /s/ Johanna G. Zelman
        Johanna G. Zelman (ct26966)
        Rose Kallor, LLP
        750 Main Street, Suite 606
        Hartford, CT 06103
        860-748-4660
        860-241-1547 (Fax)
        e-mail:  jzelman@rosekallor.com

**CERTIFICATION**

  This is to certify that a copy of the foregoing was filed electronically to the following counsel of record this 10th day of April, 2008. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Neil Parille
Assistant Attorney General
Office of the Attorney General
State of Connecticut
MacKenzie Hall
110 Sherman Street
Hartford, CT 06105-2294

              /s/ Johanna G. Zelman
              Johanna G. Zelman