UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LEO FELIX CHARLES | : CIV. NO. 3:02CV1341(AWT) |
| VS. | : |
| PAULINE HUSBAND | : APRIL 11, 2008 |

**THE DEFENDANT'S MOTION IN LIMINE TO PRECLUDE THE INTRODUCTION OF EVIDENCE CONCERNING THE PLAINTIFF'S GRIEVANCES AND LETTERS TO NURSE MAURICE COOPER AND CAPTAIN HOLMES OR ANY TESTIMONY CONCERNING THE PLAINTIFF'S LETTERS, GRIEVANCES OR SUBSEQUENT INVESTIGATION**

The defendant hereby submit this motion in limine to prevent the plaintiff from introducing any evidence or raising in any manner the plaintiff's grievances (and inmate request) concerning this incident or his letters to Nurse Maurice Cooper and Captain Holmes, or any subsequent investigation of this incident. This evidence is not relevant to any fact of consequence in this case and should be precluded under Federal Rule of Evidence 401. This evidence also contains hearsay in violation of Federal Rule of Evidence 802. In addition, to the extent that the evidence is relevant, it is more likely to be prejudicial than probative and should be excluded under Federal Rule of Evidence 403.

**STANDARD OF REVIEW**

The motion in limine, while not specifically authorized by statute of the Federal Rules of Evidence, arises out of the court's inherent authority to manage the course of the proceedings under Federal Rule of Evidence 103(c). Luce v. United States, 469 U.S. 38 n. 4 (1984).

## DISCUSSION

Federal Rule of Evidence 401 states: "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." In addition, Federal Rule of Evidence 403 states: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ." Federal Rule of Evidence 802 provides that "[h]earsay is not admissible . . . ."

### The Inmate Request Form and Grievance

These documents are not relevant to the plaintiff's case. The defendant is not raising a defense of failure to exhaust administrative remedies, thus evidence that the plaintiff filed grievances concerning this alleged incident are not relevant to any issue to be determined by the jury. Nor is there any evidence that Nurse Husband ever saw this grievance or was contacted concerning it.

Also, the documents contain hearsay and are therefore inadmissible. They purport to describe the various responses of DOC staff to the plaintiff's request, including Lt. Abney, Officer Mac, Officer Silva and Captain Peters.

In addition, the defendant is not contesting that the plaintiff reported this alleged incident shortly after it supposedly happened, nor is the defendant claiming that the plaintiff changed his story over time  Prior consistent statements are generally not admissible and constitute an impermissible "bolstering" of the plaintiff's case. United States v. Rubin, 609 F.2d 51, 61 (2d Cir. 1979); P.D. Marchesseni & Co. v. H.W. Robinson & Co., 287 F. Supp. 728, 731 (S.D.N.Y. 1967).

**The Plaintiff's Letters to Captain Holmes and Nurse Cooper**

The same is equally true of the letters to Captain Holmes and Nurse Cooper which the plaintiff seeks to introduce. There is no evidence that Nurse Husband ever saw these. She did not supervise Nurse Cooper or Captain Holmes. They are not defendants in this case. This case concerns an alleged act on April 3, 2002 that the defendant did not allow the plaintiff to use a bathroom out of racial animus. What the plaintiff allegedly told others and what they allegedly said in response is not relevant to this case and, in any event, constitutes hearsay in violation of Federal Rule of Evidence 802.

## CONCLUSION

For the foregoing reasons, the defendant requests that her motion in limine be granted. Evidence or testimony concerning letters, grievances, or investigations after the incident are not relevant to this case and should be excluded.

        DEFENDANT,
        Pauline Husband

        RICHARD BLUMENTHAL
        ATTORNEY GENERAL


        BY:   /s/ Neil Parille
        Neil Parille
        Assistant Attorney General
        Federal Bar No. ct15278
        110 Sherman Street
        Hartford, CT 06105
        Telephone No.: (860) 808-5450
        Fax No.: (860) 808-5593
        Email: neil.parille@po.state.ct.us

## **CERTIFICATION**

      I hereby certify that a copy of the foregoing was sent by first-class mail, postage prepaid and via email, this __11th___ day of April 2008 to:

Johanna Zelman, Esq.  
Rose Kallor  
750 Main Street, Suite 606  
Hartford, CT 06103

                                      ____/s/ Neil Parille_____  
                                      Neil Parille  
                                      Assistant Attorney General